271 S.C. 194 (1978)
246 S.E.2d 857
Rogers W. KIRVEN, Petitioner,
v.
The SECRETARY OF the BOARD OF COMMISSIONERS ON GRIEVANCES AND DISCIPLINE and John Doe and Mary Roe representing unknown and unnamed complainants, Respondents. In re the Matter of Rogers W. KIRVEN, Respondent.
20728
Supreme Court of South Carolina.
July 25, 1978.
*195 Robert G. Knight and Mordecai C. Johnson, Florence, for petitioner.
Atty. Gen. Daniel R. McLeod, and Asst. Attys. Gen. A. Camden Lewis, Richard B. Kale, Jr., George C. Beighley and Perry M. Buckner, Columbia, for respondents.
July 25, 1978.
Per Curiam:
The issue raised by this disciplinary proceeding is whether this Court has jurisdiction to discipline an attorney who presently is suspended from the practice of law. We hold this Court has jurisdiction.
Rogers W. Kirven was indefinitely suspended from the practice of law by Order of this Court dated December 10, 1976. In the Matter of Rogers W. Kirven, 267 S.C. 669, 230 S.E. (2d) 899 (1976).
On March 31, 1978 the Attorney General filed a complaint with The Board of Commissioners on Grievances and Discipline alleging Mr. Kirven committed acts of professional misconduct both prior and subsequent to his indefinite suspension.
*196 Mr. Kirven did not answer the complaint, but instead petitioned the circuit court and obtained a temporary order and rule directing the Board to show cause why the complaint should not be dismissed for lack of jurisdiction. This order and rule to show cause was issued on April 14, 1978 and was received in the mail by the Board on April 17, 1978. That same day, April 17, 1978, the order and rule to show cause was superseded by Order of the Chief Justice. On May 8, 1978, all parties were heard before the full Court on Mr. Kirven's motion to have the Order of Supersedes set aside.
The only issue we are called upon to decide is whether this Court and the Board have jurisdiction to entertain the complaint against Mr. Kirven. The merits of the complaint are not before us.
Mr. Kirven contends that so long as he is suspended from the practice of law he is not an attorney for the purposes of any disciplinary action initiated with the Board. He concedes he would be subject to prosecution if he violates Section 40-5-310, 1976 Code of Laws of South Carolina which prohibits the unlawful practice of law, and further concedes he would be subject to the contempt powers of this Court if he is found to have violated the Order of indefinite suspension. He argues, however, that this Court's Rule on Disciplinary Procedure for Attorneys does not apply to him and consequently the Board has no jurisdiction to investigate allegations of professional misconduct on his part.
Mr. Kirven's argument is based on his assumption that an attorney who has been indefinitely suspended is not an attorney and thus is not subject to this Court's disciplinary authority.
This assumption is false.
The Supreme Court has jurisdiction over the admission of persons to the practice of law and the discipline of persons admitted. Article V, Section 4, Constitution of the State of South Carolina.
*197 Mr. Kirven was duly admitted to the practice of law in this state by this Court. Although he presently is being disciplined by this Court for acts of professional misconduct, he has neither resigned nor been disbarred from the practice of law. Mr. Kirven remains an attorney, and accordingly he remains subject to the discipline and control of this Court. State v. Jennings, 161 S.C. 263, 159 S.E. 627 (1931).
The jurisdiction of this Court to discipline attorneys for acts of professional misconduct is exclusive. The members of the Board are officers of this Court commissioned and charged by this Court with the duty of investigating alleged acts of professional misconduct on the part of their fellow members of the bar, and of reporting to this Court the proceedings of their inquiry, their findings and recommendations. Matter of Cauthen, 267 S.C. 448, 229 S.E. (2d) 340 (1976); Burns v. Clayton, 237 S.C. 316, 117 S.E. (2d) 300 (1960).
Mr. Kirven is an attorney against whom charges of professional misconduct have been made. The exclusive jurisdiction to hear and determine those charges rests with this Court, and the circuit court was without jurisdiction to issue its temporary order and rule to show cause.
Accordingly, the temporary order and rule to show cause is dismissed for lack of jurisdiction, and Mr. Kirven is directed to answer the complaint pending before the Board within twenty (20) days after notice of the filing of this opinion.