## 21462

In the Matter of Hemphill P. PRIDE, II, Respondent.

(278 S. E. (2d) 774)

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Richard B. Kale, Jr.,* and *James W. Johnson, Jr.,* Columbia, *for complainant.*

*David W. Robinson, II,* Columbia, *for respondent.*

May 26, 1981.

*Per Curiam:*

This matter is before the court for review as a result of the report of the Executive Committee of the Board of Commissioners on Grievances and Discipline. The respon-

dent Hemphill P. Pride, II, a practicing attorney in Columbia, has been found guilty of misconduct under the rules of this court. Both the Executive Committee and the Panel, which heard his case, have unanimously recommended disbarment.

The complaint, upon which the Panel based its recommendation, charged:

"The Respondent on December 16, 1977, was found guilty of the following crimes:

Ten counts of willfully using, causing to be used, and authorizing the use of certain rents and other funds derived from the apartment project known as Arrington Manor, Columbia, South Carolina, of which respondent was owner and which was secured by a multi-family housing mortgage, such use being contrary to prescribed regulation and in violation of Title 12, United States Code, Section 1715z-4(b) and Title 18, United States Code, Section 2."
Such is alleged to

". . . constitute misconduct under Paragraph 4 of the Rules on Disciplinary Procedure in that Respondent has violated the Code of Professional Responsibility, has been found guilty of crimes of moral turpitude, and has engaged in conduct tending to pollute or obstruct the administration of justice or to bring the courts or legal profession into disrepute."

Respondent was the owner of Arrington Manor, a 55 unit, six-story apartment complex, sponsored by him through the Columbia office of the Housing and Urban Development Department. Under his arrangement with HUD, he borrowed $810,000 with interest at 8%, 3% of which the government paid and 5 % of which he paid. Under the terms of his mortgage agreement with the government, he was forbidden in case of default to use any part of the rents or other funds derived from the mortgaged property except as required to meet actual and necessary expenses arising

in connection with the operation of the property. The federal statute referred to in the complaint made the use of rents, etc., for other purposes, while payments on the mortgage were in default, a crime. Under this statute, one is guilty who

". . . willfully and knowingly uses or authorizes the use, while such mortgage is in default, of any part of the rents or other funds derived from the property covered by such mortgage for any purpose other than to meet actual and necessary expenses arising in connection with such property (including amortization charges under the mortgage), . . ."

The penalty provided is a fine of not more than $5,000 or imprisonment of not more than three years, or both.

Respondent was found guilty on ten counts involving a total of approximately $30,000, and involving monthly misappropriations from July 1976 to February 1977. At the time of the disciplinary hearing respondent was serving a three-year prison term in a federal institution.

The complainant's case against the respondent consisted of the introduction of four written documents:

(1) Indictment which was filed October 11, 1977, which served as a basis for the convictions,

(2) A certified copy of the certificate of conviction,

(3) A certified copy of the decision of the Fourth Circuit Court of Appeal of the United States, and

(4) A certified copy of the order of the United States Supreme Court denying *certiorari*.

The respondent takes the position that the sanction recommended to the court is too severe,[1] that no moral turpitude is involved, and that the violation, though criminal in nature, is in the category of a technical violation of a gov-

---

[1] Other permitted sanctions are private reprimand, public reprimand, and indefinite suspension.

ernmental regulation. The Panel, which heard the case and recommended disbarment, unanimously concluded as follows:

"Respondent's conviction under Title 12, United States Code, Section 1715z-4(b) involved the commission of a crime involving moral turpitude and constituting the commission of a serious crime.

Despite Respondent's contention that he was unaware of the federal statute in question, conviction under such statute requires that Respondent 'willfully' violate the same."

The Executive Committee, which acted upon the Panel's recommendation, voted unanimously to adopt the findings of fact and conclusions of law of the Panel and joined in the recommendation to this court of disbarment.

While this court may draw its own conclusions and its own findings, *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960), the unanimous findings and conclusions of both the Panel and Executive Committee are entitled to much respect and consideration. Upon a hearing before us, it is incumbent upon the respondent to show that the recommendation should not be followed. This he has failed to do.

We agree with the Panel and with the Executive Committee, which found that the conduct of the respondent involved moral turpitude. The improper use of funds here is not unlike breach of trust or misappropriation of funds held by an attorney for his client. The jury, on each of the ten counts, has found beyond a reasonable doubt that the respondent ". . . willfully and knowingly . . ." used monies which he was under contract and bound by law to hold for the mortgage. It obviously did not accept the contention that there was no intentional wrongdoing. By using these funds for his own purposes, he effectively defrauded the government of money to which it

was entitled. No restitution has been made and the mortgage has been foreclosed.

The court accepts the recommendation of the Panel and of the Executive Committee that the respondent be found guilty of misconduct and that disciplinary action is appropriate.

The court is divided on the issue of the proper sanction, three members of the court being of the view that indefinite suspension is more appropriate than the disbarment recommended. Accordingly, the view that the respondent should be indefinitely suspended prevails, as indicated in the concurring and dissenting opinions filed herewith. Either sanction requires, and the respondent Hemphill P. Pride, II is hereby directed to return his certificate of admission to the bar to the Clerk of this Court within five days from notice of the filing of this order.

LEWIS, C. J., and LITTLEJOHN, J., concur.

NESS, GREGORY and HARWELL, JJ., concur and dissent.

HARWELL, Justice (concurring and dissenting):

I concur in the finding and recommendation that the respondent should be held guilty of misconduct as set forth in our rules, but I am of the view that disbarment is too severe under the facts of this case. I therefore respectfully dissent from that portion of the opinion which would bring about disbarment.

The respondent was convicted in Federal Court for the misuse of rents or other funds derived from his own property. The property was security for a mortgage insured by the Department of Housing and Urban Development and the mortgage was in default. I am unaware of any other mortgage transaction wherein the use of rents or other funds by the owner for any purpose is a criminal offense merely because the mortgage is in default. Being of the view

that no moral turpitude was involved, I would impose indefinite suspension as the appropriate sanction.

Inasmuch as two other members of the court join in this dissent, the ultimate result and order of the court is that the respondent be indefinitely suspended. As indicated in the proposed *per curiam* opinion, respondent Hemphill P. Pride, II is directed to return his cerificate of admission to the bar to the Clerk of this Court within five days from notice of the filing of this order.

NESS, J., concurs.

GREGORY, Justice (concurring and dissenting) :

I, too, concur in the finding and recommendation that the respondent is guilty of misconduct, but am of the view the criminal offense involved moral turpitude. However, I join the majority to impose indefinite suspension as the appropriate sanction.