## 21615

In the Matter of Joseph Henry BELSER, Jr., Respondent.
(287 S. E. (2d) 139)

*Atty. Gen. Daniel R. McLeod* and *Senior Asst. Atty. Gen. Richard B. Kale, Jr.,* Columbia, *for complainant.*

*Jack B. Swerling,* Columbia, *for respondent.*

January 4, 1982.

*Per Curiam:*

This disciplinary action charges Joseph Henry Belser, Jr., an attorney, with professional misconduct in the handling of legal matters entrusted him. The panel report and executive committee recommended the complaint be dismissed with a letter of caution. We disagree with the findings by the panel and executive committee and with the sanction recommended.

This grievance arose during a foreclosure action where Belser represented one of the defendants. Belser agreed to a continuance of the proceedings based on his asserted belief that he had to appear before the Supreme Court on the original date set for the foreclosure hearing. In fact, Belser had no appearance before the Supreme Court on that day. Respondent further failed to appear at the subsequent hearing, and then filed exceptions to that hearing containing incorrect allegations, and further failed to serve the exceptions on opposing counsel.

When these exceptions were argued before the circuit judge, opposing counsel informed respondent his exceptions were improper. Respondent then abandoned the exceptions during the hearing before the circuit court.

Respondent testified he failed to serve the exceptions on opposing counsel as required due to the fact that he was not aware of the rule of practice requiring service.

We find no authority for the sanction referred to by the panel as a "letter of caution." Recently we noted four permissible sanctions: disbarment; indefinite suspension; public reprimand; and private reprimand. In the *Matter of Pride, Smith's,* 278 S. E. (2d) 774 (S. C. 1981).

We hold that the respondent has violated DR6—101(A) (2) and (3) by handling a legal matter without preparation adequate in the circumstances and by neglecting to inquire concerning a legal matter entrusted to him. We also take a dim view of the respondent's lack of knowledge and familiarity with basic rules of practice in the South Carolina Courts. Under these circumstances a public censure is waranted. *In the Matter of Kitts, Smith's,* 277 S. E. (2d) 602 (S. C. 1981).

Attorney Joseph Henry Belser, Jr. stands publicly reprimanded by this Court in accordance with Rule 7A(3) of the Supreme Court Rules of Disciplinary Procedure.

GREGORY and HARWELL, JJ., concur and dissent.

HARWELL, Justice (concurring in part and dissenting in part):

I concur in the finding that the respondent engaged in professional misconduct in the handling of legal matters entrusted to him. I disagree as to the appropriate sanction and would impose a private reprimand.

GREGORY, J., concurs.