## 21679

In the Matter of Jay Earle HODGE, Jr., Respondent.
(290 S. E. (2d) 237)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Clifford O. Koon, Jr.,* Columbia, *for complainant.*

*J. Leeds Barroll, IV,* Columbia, *for respondent.*

March 30, 1982.

*Per Curiam:*

This is a disciplinary action charging respondent, Hodge, with three acts of misconduct in violation of the Rule of Disciplinary Procedure by neglecting legal matters entrusted to him. DR6-101(A) (2) and (3); § 5(D) and (E) Supreme

Court Rules on Disciplinary Procedure. The panel and board recommended a public reprimand. We affirm.

First respondent alleges the panel erred in holding him negligent in his representation of the complainant in an action by Dun and Bradstreet. There Hodge allowed the case to go into default due to incorrect information given him by the complainant as to the date of service. Hodge argues his action on the case was proper within the twenty day filing period based on the information given him by complainant, so that he was in no way negligent or responsible for the matter going into default.

While we take a dim view of respondent's lack of familarity with a legal matter entrusted to him and his unprofessional manner and lackadaisical attitude toward the practice of law, *In the Matter of Kennedy*, 254 S. C. 463, 176 S. E. (2d) 125 at 126 (1970), we find no clear showing of negligence in this incident sufficient to compel any disciplinary sanction.

Next Hodge contends that any negligent acts or omissions in his representaion of complainants in two companion cases by Griggs and Miller were not serious enough to warrant a public reprimand. We disagree.

The Griggs and Miller cases were filed together and respondent obtained a letter dated December 21, 1977, granting an extension in both cases, subject to ten days notice. After several months passed and no answer was filed, opposing counsel called time by telephone in February and April of 1978 and finally by letter dated June 15, 1978. Still no answer was filed and on July 6, 1978, orders of default were obtained for the two cases.

Respondent testified he never received the telephone calls or the letter from opposing counsel. However, the fact remains that six months elapsed with no answer being filed in either case, nor any action whatsoever taken by respondent to proceed with the actions.

Respondent asserts there was no showing of intentional wrongdoing on his part, so that a public reprimand is improper. We held *In the Matter of Leppard*, 272 S. C. 414,

252 S. E. (2d) 143, 145 (1979) that negligence by an attorney in failing to proceed with legal matters entrusted to him on behalf of a client may warrant a public reprimand. We also held failure to carry out professional responsibilities shows such misconduct as to justify indefinite suspension. *In the Matter of Wooten*, 260 S. C. 12, 193 S. E. (2d) 808 (1973).

We have most recently imposed a public censure *In the Matter of Belser*, 287 S. E. (2d) 139 (S. C. 1982), for a violation of DR6-101(A) (2) and (3).

We hold respondent violated DR6-101(A) (2) and (3); § 5(D) and (E) Supreme Court Rules on Disciplinary Procedure by neglecting two legal matters entrusted to him which resulted in detriment to his client. The fact that respondent received no compensation for representing complainant is not relevant to whether or not he violated professional ethics. A public censure is warranted.

Affirmed.