21724

In the Matter of Aaron HARVEY, Respondent.

(292 S. E. (2d) 595)

*Atty. Gen. Daniel R. McLeod, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Clifford O. Koon, Jr., Asst. Atty. Gen.,* Columbia, *for complainant.*

*Russell Brown,* Charleston, *for respondent.*

June 9, 1982.

*Per Curiam:*

This disciplinary action charges Aaron Harvey, an attorney (and former magistrate) with professional misconduct in the handling of a legal matter entrusted to him.

In September of 1980, a client retained him to represent her in an uncontested divorce action. On her first visit to Respondent's office, the client provided him with the required information for processing her divorce. The parties agreed upon a fee of $350, which was paid in installments.

The client testified before a Panel of the Board of Commissioners on Grievances and Discipline that she told Respondent of her plan to remarry on December 24, 1980. She further testified that Respondent advised her then, and at subsequent times, that her divorce would be finalized in time for remarriage as planned. She returned to Respondent's office several times for the purpose of signing the pleadings. Respondent never drafted or filed a Complaint. In these subsequent visits to Respondent's office the client was repeatedly advised not to worry about the divorce and to go ahead with her wedding plans.

The client testified that as the wedding date drew closer, Respondent told her that if the divorce was not finalized she could procure a marriage license and proceed with her planned marriage, by concealing the fact that she was already married. The client also avers that Respondent advised her that, as a Magistrate, he could perform another marriage ceremony, if needed, after the divorce, making it legal. The

Respondent did nothing meaningful for his client and did not procure a divorce. She postponed her remarriage and retained other counsel.

The Hearing Panel accepted her versions and found as a fact that Respondent took no substantial action toward filing a divorce petition from early September, 1980, through June or July, 1981, when he learned of the complaint giving rise to this proceeding. He, at that time, refunded the client's fee. The Panel further concluded that there was insufficient evidence to support a finding that the Respondent counseled the client to falsify her application for a marriage license and proceed with an illegal wedding ceremony.

Respondent offered testimony of mitigating circumstances as to his failure to properly handle this legal matter. These circumstances do not justify or greatly mitigate his neglect of his client's interests.

Both the Panel and, upon review, the Executive Committee, found the Respondent guilty of professional misconduct in handling a matter entrusted to him. Both recommended, as a sanction, a private reprimand. The recommendations of the Panel and of the Executive Committee are advisory only and not binding upon this Court. *Burns v. Clayton*, 237 S. C. 316, 117 S. E. (2d) 300 (1960). We agree with the finding of professional misconduct, but we are of the opinion that a greater sanction is warranted and demanded by the facts of this case. Perhaps it is an oversimplification of the factual situation to say that the Respondent took his client's money and gave her nothing in return.

We held *In the Matter of Leppard*, 272 S. C. 414, 252 S. E. (2d) 143, 145 (1979) that negligence by an attorney in failing to proceed with legal matters entrusted to him on behalf of a client warranted a public reprimand. See also *In the Matter of Belser*, S. C., 287 S. E. (2d) 139 (1982), and *In the Matter of Hodge*, S. C., 290 S. E. (2d) 237 (1982). *In the Matter of Treacy*, S. C., 290 S. E. (2d) 240 (1982), we indefinitely suspended a lawyer, who, under somewhat more aggravated circumstances, took money from a client and did nothing meaningful in his behalf.

The Court is of the unanimous opinion that the Respondent, Aaron Harvey, is guilty of professional misconduct in handling a matter entrusted to him. There is

substantial thinking on the part of the Court that the private reprimand recommended by the Executive Committee should be adopted. It is, however, the consensus of thinking on the part of the Court that a public reprimand is appropriate.

The Respondent, Aaron Harvey, is, therefore, hereby, publicly reprimanded for his neglect of duty.

NESS, J., would issue a private reprimand.