22166

In the Matter of Michael L. HADDOCK, Respondent.

(321 S. E. (2d) 601)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. Ruby E. Brice,* Columbia, *for complainant.*

*Michael L. Haddock, pro se.*

Heard Sept. 11, 1984.

Decided Oct. 3, 1984.

*Per Curiam:*

This grievance proceeding charges Michael L. Haddock with neglecting a legal matter entrusted to him in violation of DR 6-101(A)(3) of the Rules of Disciplinary Procedure. It further charges his failure to cooperate with the Commission investigations under *Matter of Treacy,* 277 S. C. 514, 290 S. E. (2d) 240 (1982). The Panel and Executive Committee recommended a public reprimand. We agree.

The panel found that the respondent attorney was employed to represent Ms. Cynthia Boiter in October 1980. He filed a complaint on her behalf but failed to pursue the case diligently and became difficult to contact. He made no reply to letters, telephone calls, or notes on his office door. He failed to provide his client with information on the case's status and *failed to deliver the file to her* upon request.

The respondent contends that he had no full time office staff and that his client owed him $81.45 for a deposition. However, he made no effort to maintain regular office hours, and he apparently had no efficient method for receiving mail or telephone calls. We agree with the Panel that an inefficient office system does not excuse the respondent from neglecting a legal matter. The client's file belonged to her and should have been returned at her request. *Matter of Crosland,* 270 S. C. 546, 243 S. E. (2d) 198 (1978). We

conclude that the respondent has thus violated Rule 6-101(A)(3).

The respondent has also failed to respond to repeated ■ Board inquiries both in the present grievance and in a previous one which resulted in a Board warning. We agree with the Panel and Executive Committee that the respondent's lack of professionalism in engaging in the practice of law, resulting in neglect of legal matters, and his refusal to cooperate with Board investigations render a public reprimand the appropriate sanction.

Attorney Michael L. Haddock therefore stands publicly reprimanded by this Court in accordance with Rule 7 A(3) of the Supreme Court Rules on Disciplinary Procedure.