22165

Re: In the Matter of William M. BRUNER, Respondent.

(321 S. E. (2d) 600)

Supreme Court

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for complainant.*

*William M. Bruner,* Myrtle Beach, *pro se.*

Heard Sept. 11, 1984.

Decided Oct. 3, 1984.

*Per Curiam:*

This is an attorney grievance proceeding. Respondent William M. Bruner is charged with neglecting a legal matter entrusted to him. Furthermore, he is charged with failing to cooperate with the investigation of the Commission. The Panel and the Executive Committee recommended a private reprimand; however, we believe that a public reprimand is the appropriate sanction for the Respondent's misconduct.

The Respondent, appearing *pro se* below, failed to file exceptions to the Panel report, and did not file a brief or make an appearance in response to the Rule to Show Cause issued by this Court.

Initially, this matter arose when the Board of Grievances contacted the Respondent regarding a complaint filed in March 1982. Throughout the Board's investigation of this matter, the Respondent consistently failed to cooperate with the Board or provide accurate information in a timely manner. At the request of the Board, the Respondent appeared before the Executive committee on August 18, 1982. The Executive committee admonished him for his uncooperative behavior.

The next instance of misconduct arose out of a real estate transaction. In December 1982, the respondent, representing the purchaser, was entrusted with the task of recording the mortgage by counsel for the seller. The mortgage was recorded; however, no notification, nor the recorded mortgage were every forwarded to the seller's attorney until July 28, 1983.

From December 1982 through July 1983, the seller's attorney made several attempts to contact the respondent requesting that he forward the recorded mortgage; however, he received no response from the Respondent. The Respondent did not comply with the seller's attorney's requests until after a complaint had been filed with the Board.

It is well settled that where an attorney neglects a legal matter entrusted to him, as shown by the situation concerning the real estate deed, he is in violation of DR 6-101(A)(3) which justifies a finding of professional miscon-

duct and the imposition of an appropriate sanction. *In the Matter of Tracey*, 277 S. C. 514, 290 S. E. (2d) 240 (1982); *In the Matter of Hodge*, 277 S. C. 507, 290 S. E. 237 (1982); *In the Matter of Davis*, 276 S. C. 532, 280 S. E. (2d) 644 (1981). The record clearly establishes that the Respondent is guilty of such neglect.

Respondent has also thoughtlessly chosen to disregard Board inquiries. The members of the Board are officers of this Court, and as such, are charged with the investigation of complaints of professional misconduct. *In the Matter of Kirven*, 271 S. C. 194, 246 S. E. (2d) 857 (1978). This Court has consistently maintained that members of the bar are to cooperate fully with the Board. *In the Matter of Kitts*, 276 S. C. 242, 277 S. E. (2d) 602 (1981); *In the Matter of Crosland*, 270 S. C. 546, 243 S. E. (2d) 198 (1978).

The record demonstrates the Respondent's overall lackadaisical attitude toward his duties as an attorney and officer of this Court. Under these circumstances, a public reprimand is entirely justified.

Therefore, Respondent stands publicly reprimanded in accordance with Rule 7 A(3) of the Supreme Court rules on Disciplinary Procedure.

Public Reprimand.