In The Matter of AN ANONYMOUS MEMBER OF the SOUTH CAROLINA BAR.

(335 S. E. (2d) 803)

Supreme Court

Oct. 15, 1985.

## ORDER

This matter is before the Court on a recommendation that the respondent, a member of the South Carolina Bar, be privately reprimanded. We dismiss the complaint.

The two allegations against the respondent arose out of his representation of a plaintiff in a medical malpractice action. The first allegation is that the fees contained in his retainer agreement with the client were clearly excessive in violation of DR 2-106, Supreme Court Rule 32. Both the Panel and the Executive Committee found that the fees were clearly excessive and recommend a private reprimand.

Although the fees in the agreement are probably exces-

sive, we do not believe that any sanction is appropriate in this case. Respondent cooperated fully with the Resolution of Fee Disputes Board of the South Carolina Bar and ultimately agreed to a reduction of his fees.

The second allegation is that respondent wrongfully withheld the case file from the client. When the case was about ready for trial, the client discharged the respondent and retained another attorney in the matter.

Initially, respondent refused to release the case file to the new attorney until the balance of his fees and disbursements were paid. After agreeing to a reduction in his fees, respondent delivered the file to the new attorney.

Relying on an open letter from the Board of Commissioners on Grievances and Discipline, which was published in *The Transcript* in October 1984, both the Panel and the Executive Committee found that respondent had violated DR 2-110(A)(2), Supreme Court Rule 32, by withholding the case file. We disagree.

At common law, an attorney had a right to a retaining lien. 7A C. J. S. *Attorney & Client* § 357a (1980); 7 Am. Jur. (2d) *Attorneys at Law* § 315 (1980). A retaining lien is defined as "the right of an attorney to retain possession of a client's documents, money, or other property which comes into the hands of the attorney professionally, until a general balance due him for professional services is paid." 7A C. J. S. *Attorney & Client* § 358 (1980).

The existence of retaining liens in this State has been recognized in the cases of *Keels v. Powell*, 207 S. C. 97, 34 S. E. (2d) 482 (1945), and *Perry v. Atlantic Coast Line Ins. Co.*, 166 S. C. 270, 164 S. E. 753 (1932). Such liens are also recognized in numerous other jurisdictions. Annot. 3 A. L. R. (2d) 148 (1949).

Under DR 2-110(A)(2), an attorney who withdraws from representation must deliver "to the client all papers and property to which the client is entitled." ABA Informal Opinion No. 1461 (1980) makes it clear that DR 2-110(A)(2) was not intended to make the assertion of a retaining lien unethical. In fact, DR 5-103(A)(1) specifically recognizes that an attorney may ethically "[a]cquire a lien granted by law to secure his fee and expenses."

We now hold that the retaining lien recognized by the common law still exists in this State, and that an attorney's assertion of a retaining lien is not a *per se* violation of Supreme Court Rule 32.[1]

An attorney must, however, consider whether the assertion of a retaining lien in a particular case would be unethical. Although it involved a somewhat different factual situation, Informal Opinion No. 1461 has summarized these ethical considerations in the following manner.

> Mere existence of a legal right does not entitle a lawyer to stand on that right if ethical considerations require that he forego it. For instance, EC 2-23 exhorts lawyers to forego a legal right to "... sue a client for a fee unless necessary to prevent fraud or gross imposition by the client." The same standard should be applied in determining whether or not to exercise an attorney's lien.
>
> The application of this standard requires the lawyer to evaluate his or her interests against interests of the client and of others who would be substantially and adversely affected by assertion of the lien. The lawyer should take into account the financial situation of the client, the sophistication of the client in dealing with lawyers, whether the fee is reasonable, whether the client clearly understood and agreed to pay the amount now owing, whether imposition of the retaining lien would prejudice important rights or interests of the client or of other parties, whether failure to impose the lien would result in fraud or gross imposition by the client, and whether there are less stringent means by which the matter can be resolved or by which the amount owing can be secured. Even though a lawyer may be justified in declining to devote further time and

[1] In *In re Haddock*, 283 S. C. 116, 321 S. E. (2d) 601 (1984), this Court held that an attorney must return a file to a client upon request. On first reading, this case appears to be inconsistent with the continued validity of retaining liens. However, the attorney in that case had no right to a retaining lien because the client had discharged him for good cause. 7A C. J. S. *Attorney & Client* § 372 (1980); 7 Am. Jur. (2d) *Attorneys at Law* § 321 (1980). Therefore, that case did not involve the right of an attorney to assert an attorney's lien.

expense in behalf of a non-paying client, it does not follow in all cases that he is ethically justified in exercising an attorney's lien.

If, for example, exercise of the retaining lien would prejudice the client's ability to defend against a criminal charge, or to assert or defend a similarly important personal liberty, the lawyer should ordinarily forego the lien. Similarly, if the court, or other parties, or the public interest would be adversely and seriously affected by the lien, the lawyer should be hesitant to invoke it. Financial inability of the client to pay the amount owing should also cause the lawyer to forego the lien because the failure to pay the fee is not deliberate and thus does not constitute fraud or gross imposition by the client. The lawyer should forego the lien if he knew of the client's financial inability at the beginning or if he failed to assure agreement as to the amount or method of calculating the fee.

Assertion of the lien would be ethically justified when the client is financially able but deliberately refuses to pay a fee that was clearly agreed upon and is due, since this conduct would constitute gross imposition by the client.... The burden is on the lawyer to determine whether the circumstances justify ... assertion of an attorney's lien to which he may be entitled under law.

In the present case, the respondent was apparently discharged without good cause. The client's case was not prejudiced by the delay in the transfer of the file. Under the circumstances, respondent's assertion of the retaining lien does not warrant the imposition of any sanction by this Court.

Based on the foregoing discussion, we dismiss the complaint against the respondent. This order shall be published with the opinions of this Court.

It is so ordered.