22682

In the Matter of Michael Joseph GALLERY, Respondent.

(353 S. E. (2d) 879)

Supreme Court

---

*Atty. Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.* and *Asst. Atty. Gen. Pope Brooks Shealy, Jr.,* Columbia, *for complainant.*

*C. Dixon Lee, III,* of *Draine, McLaren & Lee,* Columbia, *for respondent.*

Heard Jan. 6, 1987.

Decided Mar. 2, 1987.

*Per Curiam:*

Respondent was charged with neglect in the handling of a legal matter entrusted to him. *See* DR 6-101(A)(3).

On January 16, 1984, a hearing was held before Family Court Judge David N. Wilburn, Jr., at which Respondent appeared as counsel for Linda Lemmon. The purpose of the hearing was to reconsider and clarify a 1979 decree for separate maintenance and support. The decree, as originally drawn, had resulted in an unintended loss of funds to Mrs. Lemmon.

Extensive testimony and other evidence was presented at the January 16 hearing. Judge Wilburn then issued an oral Order, the effect of which would *potentially* increase payments to Mrs. Lemmon. He instructed Respondent to prepare a written Order embracing its terms.

Respondent did nothing for 13 months, despite numerous calls from his client. Finally, in February 1985 Judge Wilburn himself wrote to Respondent concerning the written Order. Respondent, for the first time, informed the Judge that he was incapable of preparing the Order. His only explanation for the inaction was that he was awaiting a report from the accountant who had been employed to provide technical assistance, and who had testified at the January 16 hearing.

Respondent then contacted the accountant and, shortly thereafter, forwarded to Judge Wilburn a proposed Order, the terms of which were in accord with those of the oral order of January 16, 1984. Judge Wilburn responded with a final Order dated May 2, 1985.

Respondent either failed to read and analyze the Order of May 2 or, if he did, failed to understand its potential impact upon his client. It contained critical variances from the

proposed Order in particulars which, potentially, would affect adversely his client's future support and maintenance payments. This neglect was compounded by Respondent's failure to discuss the terms of the final Order with his client until the time for appeal had long expired.

In short, Respondent denied to his client the opportunity to accept the variances or, if she chose, to reject them and file an appeal. It is not necessary here to identify or spell out these variances. It is sufficient, in establishing Respondent's neglect, that he has subjected his client to the potential financial loss referred to earlier.

Respondent's failure to carry out, within a reasonable time, Judge Wilburn's instruction to prepare a written Order is inexcusable. The effect of this 13-month delay, if any, upon the terms of the final Order can only be speculated. What, however, is beyond speculation is Respondent's failure to protect the appeal rights of his client. This neglect is gross and cannot be condoned.

We agree with the Executive Committee that Respondent's conduct constitutes a violation of DR 6-101(A)(3). We hold that the appropriate sanction is a public reprimand. The remaining charges against Respondent are dismissed.

Public reprimand.

NESS, C. J., GREGORY, CHANDLER and FINNEY, JJ., and RICHTER, Acting J., concur.