1132

Linda Keller LEMMON, Respondent v.
Francis Marion LEMMON, Jr., Appellant.
(367 S. E. (2d) 706)

Court of Appeals

*Forrest C. Wilkerson,* of *Roddey, Carpenter & White, P.A.,* Rock Hill, *for appellant.*

*G. Ray Harris,* Spartanburg, *for respondent.*

Heard Feb. 17, 1988.

Decided April 4, 1988.

GARDNER, Judge:

This is an appeal from family court order requiring the husband to pay the wife $2,000.00 for attorney fees.

The sole issue on appeal is whether the trial judge erred by awarding the wife attorney fees in an order supplemental to an unappealed divorce decree which did not award attorney fees.

The parties were divorced on June 25, 1979. In the original decree the husband was ordered to pay the wife alimony based upon the husband's taxable income.

On February 3, 1983, the wife petitioned the court for an order adjudicating the husband in contempt for alleged unpaid alimony arrearages, for an increase in alimony and child support and for attorney fees. The husband answered and counterclaimed for relief, including attorney fees.

The trial judge held a hearing on January 16, 1984. Michael J. Gallery represented the wife and Forrest C. Wilkerson appeared for the husband. Following the hearing, Judge Wilburn issued the following oral order:

> The question of attorney fees I had indicated will be bifurcated should it become necessary. That is for a separate hearing on attorney fees if ya'll will call. We never would have finished this if we had gone into. I could not know whether we would get to attorney fees.

> There will be some award of attorney fees. It won't be any thing that Mr. Gallery is asking for. I will tell you that, but I will take testimony at a later time convenient to the lawyers as to the justification for the amount of the attorney fees. Is there any other finding of fact that needs to be made in this case, Forrest or Mike?

After the hearing, Judge Wilburn instructed Gallery to write the order. Gallery did nothing despite numerous calls from the wife. Finally, Judge Wilburn wrote Gallery and shortly thereafter Gallery submitted a proposed order. *In re Gallery*, 291 S. C. 393, 353 S. E. (2d) 879 (1987). The proposed order specified, among other things, "that reasonable attorney fees would be awarded to [wife] with such amount to be determined at a later hearing."

Judge Wilburn then contacted Wilkerson, discussed the order and requested another proposed order. Wilkerson prepared an order which recited that both parties requested attorney fees. The order was silent as to whether any fees would be awarded. Judge Wilburn signed that order May 2, 1985. No appeal was taken.

The wife later filed a grievance against Gallery. Gallery was publicly reprimanded by the Supreme Court for his neglect in this case. *In re Gallery, supra.*

The wife then retained another lawyer to represent her. The wife filed a motion on February 12, 1986, some nine months following the May 2, 1985 order, for an order awarding fees. The basis of the motion is basically that the May 2, 1985 order mistakenly omitted attorney fees.

On January 19, 1987, a hearing was held on that motion. The wife demonstrated that she paid Gallery $4,000.00.

At the hearing below the husband argued, "the failure of the May 2, 1985 order to mention attorney fees bars the court from such consideration." The judge, however, found "as a matter of fact" that the attorney fee issue was ruled on "in open court as a matter beyond the scope of the order of May 2, 1985 and that jurisdiction was retained by the court to set such amount at a later hearing." The trial judge awarded the wife $2,000.00 for attorney fees. This appeal ensued.

The husband argues that the Supreme Court decision *In re Gallery, supra,* is dispositive of the issue before us. We

reject this argument. The Supreme Court explicitly held that the effect, if any, of Gallery's misconduct on the order of May 2, 1985, "can only be speculated." *In re Gallery*, 291 S. C. at 394, 353 S. E. (2d) at 880. We also disagree with the husband's argument that the May 2, 1985 order was a conclusive denial of attorney fees since that order recited that both sides requested attorney fees but neither awarded nor denied them to either party.

The trial judge at the original hearing stated that the question of attorney fees would be bifurcated and that he would take testimony at a later date convenient to the attorneys. He also suggested in the oral order that the attorneys call him for the bifurcated trial. In addition to this the judge made a finding of fact that the question of attorney fees was beyond the scope of the order of May 2, 1985. The record supports this finding. And, further, the judge stated that he would not have been able to complete the original hearing on support and alimony if he had taken up attorney fees. Finally, because the husband did not object to the trial judge's decision that a separate hearing take place to determine an attorney's fees award, we discern no error in the procedures at issue. *Casey v. Casey*, 289 S. C. 462, 346 S. E. (2d) 726 (Ct. App. 1986), *rev'd on other grounds*, 293 S. C. 503, 362 S. E. (2d) 6 (1987).

For the reasons stated, we find no error in the trial court's requiring the husband to pay the wife for attorney fees by supplemental order.

Affirmed.

SANDERS, C. J., and BELL, J., concur.