22890

In the Matter of Rodney Lee FOUSHEE, Respondent.
(371 S. E. (2d) 154)

Supreme Court

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. James G. Bogle, Jr.* and *Samuel L. Wilkins,* Columbia, *for complainant.*

*Rodney Lee Foushee,* North Myrtle Beach, *pro se.*

Heard June 7, 1988.

Decided Aug. 1, 1988.

*Per Curiam:*

The Board of Commissioners on Grievances and Discipline (Board) initiated an investigation of respondent Rodney Lee Foushee as a result of two grievance complaints filed against him. The Hearing Panel (Panel) and the Executive Committee determined that respondent's failure to timely respond to its investigation inquiries constituted misconduct and recommended a public reprimand based upon his failure to fully cooperate with the Board. Respondent did not take exception to the Panel's findings of fact on this issue nor its recommendation. We concur with the recommendations of the Panel and Executive Committee.

The Board notified respondent in a letter dated May 7, 1986, that a grievance complaint had been filed and requested him to file a response within ten days. By letter dated September 10, 1986, the Board informed respondent that it had not received a reply and requested a written response within five days. After receiving a telephone call from respondent, the Board's investigator wrote respondent a letter confirming the telephone call and again requested a written response within five days.

On November 21, 1986, the Board notified respondent of a second grievance complaint and asked respondent to file a response with the investigator assigned to his case within ten days. On December 30, 1986, the investigator wrote respondent again requesting an immediate written response to both grievance complaints. On January 7, 1987, respondent delivered his written response to the first complaint. Having received no response to the second complaint, the investigator filed her initial investigation report with the Board concerning the second complaint.

During the Panel Hearing respondent testified (1) that he failed to timely respond to the first complaint because he could not locate the file concerning the matter; (2) that he did not timely respond to the second complaint because he had to first determine the status of a mechanic's lien which was at issue in the complaint; (3) that he had a telephone conversation with the Board member investigating the complaints and discussed his reasons for not being able to

timely respond; (4) that he had typed responses to both complaints but he did not make any copies; and (5) that he failed to respond because he had to meet deadlines on other legal matters.

South Carolina Supreme Court Rule on Disciplinary Procedure Section 5(A), (D) states that an attorney shall not engage in acts or omissions which violate the attorney's oath of office or tend to pollute the administration of justice. *See* South Carolina Code of Professional Responsibility DR1-102(A) (1988). Any such act or omission is considered misconduct.[1] *See* South Carolina Supreme Court Rules on Disciplinary Procedure § 5(B); *see also Matter of Treacy,* 277 S. C. 514, 290 S. E. (2d) 240 (1982).

We concur with the Panel and Executive Committee that respondent's lack of action and willful failure to communicate with the Board of Commissioners constitute misconduct and is cause for a public reprimand. *See Matter of Haddock,* 283 S. C. 116, 321 S. E. (2d) 601 (1984). Failure to respond to the Board of Commissioners, which serves as an arm of this court, is the equivalent of failing to respond to the Supreme Court. *Matter of Treacy,* 290 S. E. (2d) at 241, -2.

Accordingly, we hereby publicly reprimand respondent for his misconduct.

Public reprimand.

---

[1] Misconduct is defined as "[a]cts or omissions by an attorney, individually or in concert with any other person or persons, which violate the attorney's Oath of Office or the Code of Professional Responsibility as in effect and adopted by the court, whether or not the act or omission occurred in the course of an attorney-client relationship. . . ." South Carolina Supreme Court Rules on Disciplinary Procedure § 5(B).