23657

In the Matter of Lawrence T. ACKER, Respondent.

(417 S.E. (2d) 862)

Supreme Court

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. John P. Wilson* and *Asst. Atty. Gen. James G. Bogle, Jr.*, Columbia, *for complainant.*

*Joseph C. Coleman*, Columbia, *for respondent.*

Heard March 23, 1992.

Decided May 11, 1992.

## DEFINITE SUSPENSION

*Per Curiam:*

In this attorney discipline matter, respondent has been ■ charged with neglecting legal matters entrusted to him in violation of DR6-101(A)(3),[1] unilaterally terminating representation of a client's case on appeal in violation of Supreme Court Rule 3(1)(A), and failing to cooperate with the Board's investigation of this matter in violation of DR1-102(A)(4).[2] The Panel recommended indefinite suspension. The Executive Committee adopted the Panel's findings of facts and conclusions of law but made an independent recommendation of disbarment. We agree with the Panel and Executive Committee's findings of facts and conclusions of law. However, based upon our prior decision, we find six months suspension the *appropriate sanction.*

## NEGLECT OF LEGAL MATTERS

1. The *Payne v. Bouharoun* Matter

Mr. Acker agreed to represent Mr. William Bouharoun. Mr. Bouharoun was the defendant in a lawsuit filed against him on October 8, 1985. An Amended Complaint was served on Mr. Bouharoun through Mr. Acker on December 13, 1985. Mr. Acker did not answer either Complaint. On April 30, 1986, the Circuit Court found Mr. Bouharoun in default and issued its order. A damages hearing was held and a judgment of $2,758.20 was entered against Mr. Bouharoun. The plaintiff appealed the judgment.

---

[1] The Code of Professional Responsibility applies to this action where the formal complaint was filed on September 20, 1990.

[2] *See Matter of Foushee*, 296 S.C. 182, 371 S.E. (2d) 154 (1988) (failure to cooperate with Board violation of DR1-102(A)(4).

Despite receiving notice of the appeal, Mr. Acker took no action except to write a letter informing opposing counsel that he did not represent Mr. Bouharoun. When Mr. Acker did not participate in the compiling of the record or file a brief, opposing counsel wrote to Clyde Davis, Clerk of the South Carolina Supreme Court. By letter, Clyde Davis informed Mr. Acker that as trial counsel, he was required to receive leave of Court before discontinuing representation of Mr. Bouharoun on appeal. Still, Mr. Acker did not respond. The Court of Appeals remanded the case to the Circuit Court for a ruling on punitive damages. *See Payne v. Bouharoun,* 292, S.C. 390, 356 S.E. (2d) 438 (Ct. App. 1987). On remand, the Circuit Court entered judgment against Mr. Bouharoun for punitive damages in the amount of $25,000. We agree with the Panel and Board of Grievances that this neglect on the part of Mr. Acker, both at the trial and appellant level in this matter, violated DR6-101(A)(3) and Supreme Court Rules 3(1)(A).

2. The *National Cash Register v. Bouharoun* Matter

In February 1986, Mr. Bouharoun was sued by National Cash Register. Mr. Bouharoun again sought legal counsel from Mr. Acker. Mr. Acker again failed to respond to the Summons and Complaint resulting in another default judgment against Mr. Bouharoun. Mr. Acker's inaction violated DR6-101.

## FAILING TO COOPERATE WITH
## THE BOARD OF GRIEVANCES

Mr. Bouharoun filed a complaint with the Board of Grievances on July 21, 1987. The Chairman of the Board wrote Mr. Acker on July 22, 1987 asking him to respond within ten days to the complaint. Mr. Acker did not respond. The case was then assigned to an investigating member of the Board. The Board member was unable to contact Mr. Acker by telephone, and wrote him a letter on August 6, 1987. Mr. Acker's first response to the Board inquiry was by letter dated August 11, 1987.

Thereafter, the case was turned over to the Attorney General's office for further investigation. At some point after August 11, 1987, Mr. Acker relocated to the Virgin Islands. On February 11, 1988, at the request of the Attorney General's office, the Board issued a Subpoena Duces Tecum. The Sub-

poena Duces Tecum ordered Mr. Acker to produce the Bouharoun files. Mr. Acker responded by telephone calls and letters to the Attorney General's office promising to produce the documents. However, the documents were never produced. The files were eventually destroyed in September 1989 by Hurricane Hugo. We find this behavior to constitute noncompliance with the Board in violation of DR1-102(A)(4).

## APPROPRIATE SANCTION

While the Panel's findings are entitled to great respect, they are advisory only and not binding upon this Court. *See Matter see of Pride*, 276 S.C. 363, 278 S.E. (2d) 774 (1981); *see also In re Bloom*, 265 S.C. 86, 217 S.E. (2d) 143 (1975). The punishment adjudged in a disciplinary proceeding should be commensurate with the offense or offenses committed. *In re Sandifer*, 260 S.C. 633, 198 S.E. (2d) 120 (1973).

Generally, neglect of entrusted legal matters warrants a public reprimand. *See Matter of Alexander*, 301 S.C. 212, 391 S.E. (2d) 254 (1990); *Matter of Gates*, 295 S.C. 516, 369 S.E. (2d) 841 (1988); *Matter of Gallery*, 291 S.C. 393, 353 S.E. (2d) 879 (1987).

When the offense of neglect is coupled with failure to cooperate with the Board, public reprimands have been issued when the client was not greatly prejudiced. *See Matter of Blackmon*, 295 S.C. 333, 368 S.E. (2d) 465 (1988); *Matter of Bruner*, 283 S.C. 114, 321 S.E. (2d) 600 (1984); *Matter of Haddock*, 283 S.C. 116, 321 S.E. (2d) 601 (1984).

However, when the client has been "greatly prejudiced," this Court has suspended the offending lawyer for as much as one year. *See Matter of Palmer*, 298 S.C. 324, 380 S.E. (2d) 813 (1989).

Thus, our precedents indicate the range of sanctions appropriate for neglecting entrusted legal matters and failing to cooperate with the Board to be between a public reprimand and one-year suspension from the practice of law.

Here the attorney's neglect of this client's cases resulted in two default judgments and an unchallenged appeal, prejudicing his client. This offense coupled with Mr. Acker's failure to cooperate with the Board warrants a six-month suspension from the practice of law.

It is so ordered.