23948

In the Matter of Larkin V. CAMPBELL, Respondent.

(438 S.E. (2d) 230)

Supreme Court

*Hemphill P. Pride, II*, Columbia, *for respondent.*

*Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore, Asst. Atty. Gen. James G. Bogle,* Columbia, *for complainant.*

Submitted Oct. 7, 1993.

Decided Nov. 8, 1993.

*Per Curiam:*

In this attorney grievance matter, respondent admits to numerous acts of misconduct and consents to disbarment pursuant to Paragraph 27 of the Rule on Disciplinary Procedure, Rule 413, SCACR. We accept respondent's admission and disbar him.

In February 1993, respondent pleaded guilty to possession of cocaine with intent to distribute. He received the drugs as a partial fee for legal services. Possession of cocaine is a crime of moral turpitude. *State v. Major,* 301 S.C. 181, 391 S.E. (2d) 235 (1990).

Several of respondent's clients were defrauded by one of his employees. When respondent learned of the fraud, he took no steps to help the clients recover their money.

Although respondent practiced law regularly before the Workers' Compensation Commission, he violated S.C. Code Ann. §§ 42-5-10 and 42-5-20 (1985) by failing to provide Workers' Compensation insurance for his employees. After one of his employees suffered a compensable injury, respondent neglected to provide for medical treatment despite an order of the Commission to do so.

With regard to respondent's representation of his clients, he failed to timely file an appeal, failed to request material relief in a divorce action, and failed to file an action on behalf of a client. He accepted a retainer to attempt to have a youthful offender transferred to Pennsylvania, then took no action on the matter. Respondent certified a title to real estate as being free from encumbrances when in fact there were several liens outstanding. In these matters, respondent misrepresented the true state of affairs to his clients or simply became unavailable to them. These clients have suffered material prejudice as a result of his conduct.

Respondent has failed to pay over funds for treatment in a number of personal injury matters. He failed to disburse funds to his client in a wrongful death action. Respondent failed to maintain an appropriate balance in his trust account and admits he converted the funds of his clients to his own use.

Respondent's disrespect for the judicial system has been demonstrated by his failure to produce certain documentation as ordered by the family court. He failed to obey the order of the Workers' Compensation Commission, and to respond to the investigation by the Board of Commissioners on Grievances and Discipline. *See Matter of Bruner,* 283 S.C. 114, 321 S.E. (2d) 600 (1984).

Respondent has violated Rules 1.1, 1.3, and 1.4 of the Rules of Professional Conduct, Rule 407, SCACR, by failing to competently represent his clients, failing to act with reasonable diligence in his representation, and failing to keep his clients informed. He has violated Rule 1.15 by failing to safeguard the property of his clients and failing to pay over funds to third parties entitled to receive them. Respondent has failed to supervise an employee and failed to take responsibility for her fraudulent conduct in violation of Rule 5.3.

Respondent has violated Rule 8.1 by failing to respond to a demand for information by a disciplinary authority. He has violated Rule 8.4 by committing a criminal act that reflects adversely on his honesty, trustworthiness, and fitness as a lawyer; by engaging in conduct involving moral turpitude; by engaging in conduct involving dishonesty, fraud, deceit and misrepresentation; and by engaging in conduct prejudicial to the administration of justice. Respondent has been convicted of a serious crime and has engaged in other acts constituting misconduct as defined in Paragraphs 5 and 6 of the Rule on Disciplinary Procedure, Rule 413, SCACR.

It is therefore ordered that respondent shall be disbarred from the practice of law in this State. Disbarment shall be retroactive to March 24, 1993, the date on which respondent was temporarily suspended from the practice of law by Order of this Court. Respondent shall file an affidavit with the Clerk of Court, within fifteen days of this opinion, showing he has complied with Paragraph 30 of Rule 413, SCACR.

Disbarred.