24407

In the Matter of William M. BRUNER, Respondent.

(469 S.E. (2d) 55)

Supreme Court

*William M. Bruner,* Myrtle Beach, *pro se.*

*Charles Molony Condon, Attorney General,* and *Charles H. Richardson, Senior Assistant Attorney General,* Columbia, *for complainant.*

Heard Feb. 20, 1996.

Decided Apr. 8, 1996.

*Per Curiam:*

In this attorney discipline matter, respondent admitted mis-

conduct. After a mitigation hearing, the panel recommended a public reprimand which could be reduced to a private reprimand if respondent demonstrated he had undertaken some type of office management training which resulted in changes in respondent's office policies and practices. The Executive Committee of the Board of Commissioners on Grievances and Discipline unanimously adopted the hearing panel's findings of fact and conclusions of law. It recommended respondent receive a public reprimand conditioned on respondent's attending continuing legal education seminars on office management. We agree with the panel and Board that the appropriate sanction is a public reprimand.

## FACTS

Respondent represented Conrad Banks, Jr. in Banks's purchase of real estate. The closing was on May 10, 1985. In order to procure title insurance (which was required by Banks's mortgagee), Banks had to satisfy the seller's outstanding mortgage on the property. On May 11, 1985, respondent sent a check to the seller's mortgagee in the amount of the outstanding mortgage. He signed and delivered an Attorney's Final Certificate to Banks's title insurer on June 28, 1985, declaring all requirements of the title insurance binder had been satisfied, including the satisfaction and release of record of all liens and encumbrances required therein to be satisfied and released.

The title insurance policy was issued on June 28, 1985. However, for some reason it was never sent to Banks's mortgagee. Subsequently, the Resolution Trust Corporation ("RTC") assumed control of Banks's mortgagee's mortgage files. Mr. Schoch of the RTC contacted respondent in August or September of 1990 when the RTC was unable to locate a copy of the title insurance policy in their files. Respondent did not respond to Mr. Schoch's request for a copy of the policy. Mr. Schoch unsuccessfully attempted to contact respondent numerous times in April 1991. He received the policy copy only after filing a complaint with the Board of Commissioners on Grievances and Discipline on April 24, 1991.

On May 3, 1991, the Chairman of the Board wrote respondent regarding Mr. Schoch's complaint, requesting a response within ten days. Respondent did not timely respond. On May

20, 1991, the Chairman again wrote respondent, citing *Matter of Treacy*, 277 S.C. 514, 290 S.E. (2d) 240 (1982) (per curiam). Again, respondent did not reply.

Investigation into Banks's mortgage and the title insurance policy revealed that although the seller's mortgagee had received the check from respondent paying off its mortgage, no satisfaction of record had ever been returned. Consequently, the mortgage was not satisfied as of record in the county Register of Mesne Conveyances office until January 12, 1993, despite the fact that on June 28, 1985 respondent certified otherwise. No prejudice occurred as a result of respondent's failure to ensure that the mortgage was satisfied as of record and misrepresentation to Banks's title insurer.

Respondent was the sole witness at the mitigation hearing. He stated he could not explain or justify his lack of response to Mr. Schoch's inquiries, or the inquiries of the Board. He stated he had a small real estate practice at the time, with no secretary. He has since stopped doing real estate work because he could not handle the voluminous requirements of lenders. Once he closed a real estate transaction, he moved on to something else and had difficulty getting back to a case if something came up. He stated he did not respond to the RTC's inquiries because it would have "necessitated my digging back into my files." He has admitted this conduct is in retrospect inexcusable. According to him, his office was and still is "a mess."

## DISCUSSION

Because respondent has admitted his misconduct, the only issue before this court is that of the appropriate sanction.[1] Negligence in failing to proceed with legal matters entrusted to an attorney warrants a public reprimand. *Matter of Harvey*, 278 S.C. 101, 292 S.E. (2d) 595 (1982) (per curiam). "[A]n inefficient office system does not excuse

---

[1] Specifically, respondent has neglected a legal matter entrusted to him, DR 6-601(A)(3), Rule 32, SCRPP and Rule 1.3, Rule 407, SCACR; and engaged in conduct involving fraud, dishonesty, deceit or misrepresentation, DR 1-102(A)(4), Rule 32, SCRPP and Rule 8.4(d), Rule 407, SCACR. He has also engaged in conduct which brings the legal profession into disrepute, is prejudicial to the administration of justice, and adversely reflects on his fitness to practice law. DR 1-102(5)-(6), Rule 32, SCRPP; § 5(D), Rules on Disciplinary Procedure; Rule 8.4(b)-(e), Rule 407, SCACR; § 5(D), Rule 413, SCACR.

the respondent from neglecting a legal matter." *In the Matter of Haddock*, 283 S.C. 116, 321 S.E. (2d) 601 (1984) (per curiam). Respondent was reprimanded for similar conduct in 1984 (less than a year before his misrepresentation to Banks's title insurer). *See In the Matter of Bruner*, 283 S.C. 114, 321 S.E. (2d) 600 (1984) (per curiam). In that case, respondent was to record a mortgage for the seller's attorney, which he did. He did not, however, forward the recorded mortgage to the seller's attorney until seven months later, when a grievance was filed against him. Nor did he ever respond to the seller's attempts to contact him regarding the mortgage. Respondent was also sanctioned for failing to cooperate with the Board (as here).

Respondent's failure to cooperate with the Board is considered misconduct in itself. *In the Matter of Treacy*, 277 S.C. 514, 290 S.E. (2d) 240 (1982) (per curiam). Respondent's acts now before us serve to further justify our previous observation of his "overall lackadaisical attitude toward his duties as an attorney and officer of this Court." *Bruner*, 283 S.C. at 116, 321 S.E. (2d) at 601. Therefore, respondent stands publicly reprimanded for his conduct.

Finally, pursuant to Rule 413, SCACR, § 17(C), respondent was required to pay the costs of the hearing panel and Board within ten days of the record's certification. Although the record was certified on October 30, 1995, no payment has been made. He is therefore ordered to remit these costs, totaling $228.47, to the Clerk of the Supreme Court within thirty (30) days of the date this opinion is filed.