In the Matter of AN ANONYMOUS MEMBER OF the SOUTH CAROLINA BAR, Respondent.

(377 S. E. (2d) 573)

Supreme Court

Feb. 21, 1989.

ORDER

PRIVATE REPRIMAND

*Per Curiam:*

In this attorney disciplinary matter, respondent has been charged with neglecting a legal matter entrusted to him in violation of DR 6-101(A)(3) and publicly disclosing the existence of a pending grievance procedure in violation of the confidentiality requirement of Rule of Disciplinary Procedure, Paragraph 20. The Panel and the Executive Committee recommended a private reprimand. We agree, and issue this private reprimand.

## BACKGROUND

Respondent undertook the representation of a couple who sought to have the wife's natural born child adopted by the stepfather. The clients paid respondent $100.00 as a retainer, and then remitted a total fee of $500.00 plus costs. At the time of the initial consultation, the parties dispute whether they agreed that the $500.00 fee would pay for an uncontested or contested adoption.

Respondent drafted a Summons and Petition for adoption. He attempted unsuccessfully to obtain the biological father's consent to the adoption. Respondent drafted a conditional consent which allowed the biological father visitation privileges with the child. The father signed the conditional consent.

At the adoption hearing, the family court judge immediately ruled the conditional consent invalid. The judge thus dismissed the action without prejudice and instructed the respondent to refile the action after obtaining an unconditional consent from the father.

Respondent's clients met with him soon after the hearing and discussed refiling the petition. Respondent told his clients that he would need to discuss with the family court judge any additional fee and the issue of the conditional consent. The clients subsequently discovered that the biological father would give his unconditional consent to the adoption. Although they informed the respondent of the father's willingness to consent, respondent failed to pursue the matter.

The clients filed a complaint with the Board of Commissioners on Grievances and Discipline. As a result of the complaint, a board member intervened and obtained the unconditional consent from the biological father. The board member forwarded the consent to the respondent; he failed again to complete the adoption.

After the complaint had been filed by the clients, respondent was notified of the pending grievance action. He responded to the Board's inquiry and sent carbon copies of the response to the family court judge, the family court coordinator and the guardian ad litem. He also discussed the grievance matter publicly.

I. *Neglect of Legal Matter*

Disciplinary Rule 6-101(A)(3) prohibits a lawyer from neglecting a legal matter entrusted to him. Black's Law Dictionary defines neglect as follows:

"May mean to omit, fail or forebear to do a thing that can be done, or that is required to be done, but it may also import an absence of care or attention or doing or omission of a given act and it may mean a designed refusal or unwillingness to perform one's duty."

*Black's Law Dictionary* 930 (5th ed. 1979). *See also, Matter of Leppard,* 272 S. C. 414, 252 S. E. (2d) 143 (1979).

Respondent failed to proceed with the adoption matter in a timely and efficient manner. First, respondent incorrectly obtained conditional consent from the father. After the adoption was dismissed without prejudice, and the family court judge told the respondent what he needed to do to complete the adoption, he failed to proceed with the matter. More troublesome, however, is the respondent's failure to act after the Grievance Board member obtained the consent of the father and remitted it to the respondent.

We thus conclude that respondent neglected a legal matter entrusted to him in violation of DR 6-101(A)(3), and privately reprimand him for his neglect. We also instruct respondent to complete immediately the adoption procedure for his clients, or, in the alternative, return to the clients the $500.00 fee paid for his services in completing the adoption.

## II. *Confidentiality of the Grievance Procedure*

Respondent admitted that he unwittingly sent copies of his response to the Grievance Committee to other people because he did not realize that the proceedings were confidential.

We call the bar's attention to paragraph 20 of the Rule on Disciplinary Procedure, which provides that "all records and proceedings involving allegations of misconduct by an attorney shall be confidential and shall not be disclosed." The rule allows disclosure in two situations. First, the respondent must request in writing that the proceedings be made public. Rule on Disciplinary Procedure, Paragraph 20(A)(1). Second, if the investigation is predicated upon a conviction of the respondent for a crime or upon public discipline imposed upon the respondent in another jurisdiction, in which case the entire file pertaining to the crime or the public discipline, other than the work product and internal memoranda of the disciplinary agency, shall be public. Rule of Disciplinary Procedure, Paragraph 20(A)(2). Having reminded the bar of the confidentiality of the grievance proceedings, we will no longer excuse unwitting violations of the rule. Should the attorney wish to discuss the matter publicly, then he must follow the steps outlined above and enunciated in Paragraph 20 of the Rule on Disciplinary Procedure.

## CONCLUSION

We privately reprimand the respondent for violating DR 6-101(A)(3). We further direct him to complete the adoption procedure or to return the fees paid to him by his clients.

Privately reprimanded.