## 20327

In the Matter of Rogers W. KIRVEN, Respondent.
(230 S. E. (2d) 899)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *A. Camden Lewis, Asst. Atty. Gen.,* of Columbia, *for Complainant.*

*Messrs. Harold W. Jacobs,* of Columbia, and *Saunders M. Bridges,* of Florence, *for Respondent.*

December 10, 1976.

*Per Curiam:*

Respondent was charged with professional misconduct in his relationship with several clients. After dismissing some of the charges, the Panel and Board of Commissioners on Grievances and Discipline recommended the imposition of a public reprimand.

Respondent represented a client in a Workmen's Compensation claim and procured a settlement of $14,500.00. Prior to final distribution of the proceeds, respondent commingled his client's funds with his own personal assets. Shortly thereafter respondent induced his client to make him an unsecured loan of $7,000.00. The attendant promissory note was placed in respondent's personal file and the client was given no evidence of the debt.

With respect to another client, respondent while within the attorney-client relationship loaned his client money and cosigned promissory notes for her. Most of these transactions were in cash and undocumented.

In each case, the clients with whom the respondent was bargaining were unable to intelligently negotiate their own financial affairs. Both clients were relatively uneducated, one being unable to read or write. It is blatantly apparent that in this manipulated posture, the clients were susceptible to gross overreaching.

This Court is not bound by the Board's recommendation. *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300 (1960). We are required after thorough review of the record to administer the sanction we deem appropriate.

We have heretofore emphasized that commingling of trust funds is in itself a serious offense. *In re Benjamin Mixson,* 258 S. C. 408, 189 S. E. (2d) 12 (1972). Here, the respondent has not only breached his fiduciary duty by improper financial dealing with his naive clients, but has also concocted highly suspect transactions within the attorney-client relationship for personal profit. Such misconduct warrants an imposition of indefinite suspension.

Accordingly, we order that respondent be indefinitely suspended from the practice of law in this State and that he within five (5) days surrender his certificate of admission to pratcice to the Clerk of this Court.