20452

In the Matter of Billy R. CRAIG, Respondent.
(235 S. E. (2d) 811)

*Daniel R. McLeod, Atty. Gen., A. Camden Lewis, John L. Choate, Richard B. Kale, Jr., George C. Beighley, and Perry M. Buckner, Asst. Attys. Gen.,* of Columbia, *for Complainant.*

*Saunders M. Bridges, of Bridges and Whisenhunt,* Florence, *for Respondent.*

June 13, 1977.

*Per Curiam:*

This disciplinary matter is before the Court pursuant to a petition for certification made by the attorneys for the complainant. It is the opinion of the Court that respondent's misconduct in the performance of his professional responsibilities warrants a public reprimand.

This case is concerned with respondent's representation of E. A. Gibson, now deceased, in connection with the negotiation and consummation of a settlement. The record sup-

ports the following conclusions of law found by the panel and they are affirmed by the Court.

1. Respondent's conduct gave the appearance of impropriety in violation of Canon 9.

2. Respondent was guilty of failing to exercise independent judgment for the benefit of his client, permitting his personal interests and personal dealings with his client to interfere with his professional judgment in violation of Rule DR7-101(a)(3) and Rule DR5-101, *et seq.*

3. Respondent intermingled trust funds with his personal funds in violation of Rule DR9-102.

4. Respondent brought the legal profession into disrepute by deliberately delaying consummation of the settlement and by agreeing to a settlement with his fellow lawyer and then failing to consummate the settlement or to inform his brother lawyer of the circumstances for the failure in violation of Rule DR1-102.

This certification proceeding is primarily concerned with conclusion of law number three as the Board of Commissioners decided to delete the finding that respondent had intermingled trust funds with his personal funds. The record conclusively shows that respondent intermingled funds of his client with his own funds and failed to account for those funds until after the complaint was filed with the Board of Commissioners. The complainant attempted to withdraw her complaint after the funds in issue were relinquished by the respondent, but her request was properly refused. Respondent's conduct violated disciplinary rule DR9-102 and the Board's deletion of conclusion of law number three was improper.

The commingling of trust funds is in itself a serious offense. *In re Kirven,* S. C., 230 S. E. (2d) 899 (1976). We therefore disagree with the conclusion of the Board that a private reprimand is the appropriate sanction. This record

requires the imposition of a public reprimand and, accordingly this opinion is to be published in the Reports of this Court.