20699

In the Matter of Charles Edward HOUSTON, Jr., Respondent.

(247 S. E. (2d) 315)

*Atty. Gen. Daniel R. McLeod, Asst. Attys. Gen. Richard B. Kale, Jr., A. Camden Lewis, George C. Beighley* and *Perry M. Buckner,* Columbia, *for complainant.*

*John Bolt Culbertson,* Greenville, *for respondent.*

*Joel Berger,* New York City, and *Russell Brown,* Charleston, *amici curiae.*

May 23, 1978.

*Per Curiam:*

This is a disciplinary proceeding in which respondent is charged with offering his services to several persons involved in the same automobile accident, and with failing to promptly pay a client a settlement check received in her behalf. The panel recommended indefinite suspension. We conclude respondent's misconduct warrants a public reprimand.

Respondent allegedly went to the home of Esau Bowman and requested to represent Elizabeth Bowman and her daughter, Mary Ann, in litigation involving an automobile accident. Subsequently, respondent negotiated a settlement of Mary Ann Bowman's claims and received a $3,000.00 check on her behalf. Respondent retained this check for eight months and was unable to account for the funds during most of that time.

Respondent maintains he could not disburse the proceeds of the check until settlement of a claim by the Department of

Social Services (DSS) against Ms. Bowman for assistance received while she was hospitalized. While it is true that DSS was entitled to a portion of the settlement proceeds, this does not justify respondent's lengthy retention of the check.

In respondent's behalf, it is uncontroverted that he early tendered $500.00 of the settlement proceeds to Ms. Bowman, but she refused to accept it. Prior to initiation of this disciplinary proceeding, Ms. Bowman accepted tender of $700.00, the full amount due to her following payment to DSS.

We conclude respondent's actions constitute serious violations of the Code of Professional Responsibility. However, as he has no prior record of misconduct and the charges here relate to one isolated event, we believe a public reprimand is the proper sanction. Accordingly, respondent is hereby publicly reprimanded by this Court.

LEWIS, Chief Justice, dissenting.

I dissent. I would indefinitely suspend respondent.