22881

In the Matter of Larry Edward GATES, Jr.

(369 S. E. (2d) 841)

Supreme Court

Atty. Gen. T. Travis Medlock, Deputy Atty. Gen. William K. Moore, Asst. Atty. Gen. James G. Bogle, Jr., Columbia, for complainant.

Saunders M. Bridges, of Bridges and Orr, Florence; and Willard D. Hanna, Jr., of Joseph, Harris & Hanna, P.A., Surfside Beach, for respondent.

Submitted June 7, 1988.

Decided June 27, 1988.

Per Curiam:

In this attorney grievance matter, respondent has conditionally admitted the allegations against him and consents to a public reprimand. We accept the conditional admission and publicly reprimand the respondent.

The allegations against respondent concern his representation in several different matters.

Kayser Matter

Respondent was retained to represent the estate of Mrs. Kayser in September 1980. On January 4, 1982, respondent filed a petition to prove Mrs. Kayser's will. Mr. Kayser, the executor of the estate, died on September 11, 1982. Although another individual sent respondent a signed petition to be appointed as substitute executor for Mrs. Kayser's estate on February 9, 1983, respondent did not petition to have the substitute executor appointed until May 28, 1986, after the probate judge requested that respondent file the necessary documents to close the estate. A petition for final discharge was filed on January 22, 1987, and letters dismissory were issued on March 23, 1987.

*Heitzenrater Matter*

On July 17, 1981, respondent was retained by the Heitzenraters to represent them in the purchase of a home. This home was part of Mrs. Kayser's estate. Although respondent was aware that there was a problem with the title because no action had been taken to begin the administration of Mrs. Kayser's estate, respondent determined that the title was valid to the extent necessary to make the Heitzenraters' purchase possible and the purchase was completed.

When the Heitzenraters negotiated a contract to sell the home on March 16, 1986, they were informed by the attorney for the purchasers that the property was encumbered because Mrs. Kayser's estate had not been closed. The Heitzenraters then retained the purchaser's attorney to take the necessary action to permit the sale of the home.

*Bishop Matter*

Respondent was retained by Mrs. Bishop to probate her husband's estate. He failed to return Mrs. Bishop's telephone calls during the period between January 11, 1984, and May 31, 1985. Further, he did not inform her that because Mr. Bishop had died intestate, the estate would be equally divided between Mrs. Bishop and Mr. Bishop's daughter.

We find respondent neglected these legal matters which were entrusted to him. Accordingly, we accept his conditional admission and publicly reprimand respondent for his conduct in these matters.

Public reprimand.