22896

In the Matter of Horace A. SMITH.

(370 S. E. (2d) 876)

Supreme Court

*T. Travis Medlock, Atty. Gen., James G. Bogle, Jr., J. Emory Smith, Jr.,* and *Samuel L. Wilkins, Asst. Attys. Gen.,* Columbia, *for complainant.*

*Horace A. Smith,* Columbia, *pro se.*

Heard June 7, 1988.

Decided Aug. 1, 1988.

*Per Curiam:*

In this attorney disciplinary matter, respondent has been charged with misconduct in two matters. We suspend the respondent from practicing law for six months effective upon the filing of this opinion and condition his readmission upon satisfying the following four requirements: (1) respondent must pay the court reporter he hired to transcribe testimony the sum of Three Hunred Ninety-Eight and 75/100 ($398.75) Dollars; (2) respondent must successfully complete the February 1989 Bridge the Gap Program under Rule 5(A)(9); (3) respondent must attend at least twenty-four hours of continuing legal education seminars in the areas of civil, criminal or appellate practice; and, (4) respondent must submit a medical statement to the Clerk of Court certifying that he is emotionally and medically able to practice law.

## CRAIG MATTER

On or about September 14, 1985, respondent agreed to defend Karim Abdulla, previously known as Herman Craig, in a trial for armed robbery. Mr. Craig was convicted, and sentenced to twenty-one years in prison.

Soon thereafter, a friend of Mr. Craig's requested that the respondent represent Mr. Craig on his appeal of the conviction. The respondent agreed to do so, accepted Five Hundred ($500.00) Dollars to purchase a transcript, and timely filed a Notice of Intent to Appeal on November 15, 1985. Seven weeks later, on January 9, 1986, respondent ordered a transcript from the court reporter. Respondent never paid the court reporter for the transcript. Thereafter, the respondent

failed to take any other action to perfect the appeal. The Supreme Court issued a Certificate of No Return on January 23, 1986 and dismissed the appeal on February 4, 1986.

Respondent admitted to the panel that he had never appealed a case to the Supreme Court prior to the instant case. Despite his lack of familiarity with the appeals process, respondent admitted that he had not read the Supreme Court Rules on appellate procedure.

We agree with the findings of the panel and the committee that respondent's conduct violated Supreme Court Rule 32. Respondent neglected a legal matter entrusted to him in violation of DR 3-101(A)(3); failed to carry out a contract of employment in violation of DR 7-101(A)(2); improperly withdrew from representation of his client in violation of DR 2-110; and engaged in conduct that was prejudicial to the administration of justice and adversely reflected on his fitness to practice law in violation of DR 1-102(A)(5) and (6).

## FAILURE TO PAY BAR DUES AND PRACTICING WHILE UNDER SUSPENSION

Respondent received his license to practice law in South Carolina in 1980. Respondent admitted that he failed to pay his 1987 bar dues and client security fund assessment in a timely manner. By registered letter dated February 6, 1987, and received by respondent on February 11, 1987, the bar informed respondent that a failure to pay the dues, assessment and late penalty within thirty days would result in the automatic termination of respondent's bar membership. Respondent tendered payment for the dues and assessment, but failed to include payment for the fifty percent penalty. The bar thus returned respondent's check to him, and requested that the full amount owed be paid.

On March 10, the bar sent the respondent a registered letter informing him that his membership in the South Carolina Bar had been terminated. The letter also required that the respondent surrender his certificate to practice law to the Clerk of Court within ten days. The respondent insisted that he did not retrieve the March 10 letter from the post office until March 26. A postal inspector, however, testified that the stamped receipt, which indicated that the letter was received on March 20, depicted the date the letter was received by the respondent.

On March 26, 1987, respondent represented a client in a sentencing proceeding. He also admitted to representing another client is a guilty plea on March 26, 1987.

DR 3-101(B) provides that "a lawyer shall not practice law in a jurisdiction where to do so will be in violation of regulations of the profession in that jurisdiction." South Carolina Supreme Court Rule 48(D) prohibits persons from engaging in the practice of law if they are not licensed by the Court and a member in good standing with the South Carolina Bar.

We find that the testimony and documents demonstrate that the respondent practiced law on March 26, 1987, six days after he knew that his license had been terminated for nonpayment of his license fee and client security fund assessment, violating DR 3-101(B).

At the time of the hearing before this Court, respondent stated that his actions were in part the result of physical disabilities and stress.

Respondent will be reinstated as a member of the South Carolina Bar after the six months suspension expires and upon proof submitted to the Clerk of Court of the successful completion of the additional four requirements specified in the opening paragraph of this Opinion.

Temporary suspension.