23145

In the Matter of William Yon RAST, Jr., Respondent.

(388 S. E. (2d) 776)

Supreme Court

[7] Id.

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. James G. Bogle, Jr.* and *J. Emory Smith, Jr.*, Columbia, *for complainant.*

*William Y. Rast, Jr.*, West Columbia, *pro se.*

Heard Nov. 13, 1989.

Decided Jan. 22, 1990.

## PUBLIC REPRIMAND

*Per Curiam:*

A Complaint was filed in this attorney grievance action alleging that Rast was guilty of commingling client, office and personal funds, failing to pay client funds in a timely manner and failing to properly maintain client funds in violation of D.R. 9-102 of the Rules of Disciplinary Procedure. These allegations resulted from two separate incidents. Rast did not file an Answer and therefore the charges against him are deemed admitted under Paragraph 13c of the Rules of Disciplinary Procedure. He did, however, request a hearing in mitigation.

The Panel Hearing was held on November 29, 1988, and the report was issued June 8, 1989. The Panel found that Rast was guilty of the alleged misconduct in both matters. The Panel specifically found that Rast: (1) failed to properly preserve the identity of clients' funds; (2) failed to deposit the funds into identifiable bank accounts into which no money belonging to Rast or his firm was deposited; (3) failed to render appropriate accounts to his clients regarding the

funds; and (4) converted the funds to his own use. The Panel also found that Rast had failed to communicate properly with his clients concerning the settlement proceeds in violation of D.R. 9-102. The Panel noted that restitution had been made to both clients and unanimously recommended that Rast be publicly reprimanded.

The Executive Committee reviewed the matter on August 25, 1989. The Committee adopted the Panel's findings of fact and conclusions of law but disagreed with the recommendation of a public reprimand. The Committee's independent recommendation was indefinite suspension until such time as Rast could demonstrate to the Court that he had an appropriate accounting system and was able to conduct his practice on a more reliable basis.

*Yenny Matter*

In February 1984, Rast filed a lawsuit on behalf of Mr. Yenny concerning an automobile accident. A settlement in the amount of $34,800 was negotiated and approved by the court on November 21, 1984. Rast received two settlement checks on November 23 and December 4, 1984 in the amounts of $17,000 and $17,800, respectively. These checks were deposited into Rast's law firm checking account. This was the only checking account he maintained. Client funds and Rast's attorney fees were deposited into this account. He did not pay himself a salary, but rather wrote checks from the account for his personal and business use.

Funds totalling $28,287.17 were dispensed for Yenny's medical expenses and attorney's fees. This left a balance of $6,512.82 which should have been disbursed to Yenny's Guardian ad Litem, Mrs. Yenny. Rast told her that he had to go through the Probate Court before he could release the funds. Rast avoided Mrs. Yenny's requests for the funds until October 1985.

Finally, in October 1985, Mrs. Yenny contacted the probate judge about the matter and discovered that he did not have a file on the matter. The probate judge made several calls to Rast suggesting that he release the funds.

Rast gave Mrs. Yenny a check for $1,000.00 on October 18, 1985. He made four payments in the amount of $200 each from December 1985 to March 12, 1986. On May 7, 1986, Rast

gave her a check for $5,100.00, but it was returned for insufficient funds. On May 9, Rast paid her $5,100.00 in cash. This amount apparently included interest in the amount of $387.00.

The audit conducted pursuant to court order revealed that the Yenny funds were not properly maintained at all times because for many months the balance of the account was less than the balance of the trust money. After the Yenny's complaint was filed with the Board of Grievances, Rast failed to cooperate with the investigator and refused to release his files.

*Jenkins Matter*

On December 23, 1985, Rast received a settlement check in the amount of $3,250.00 for his client, Jack Jenkins. Rast deposited the check into his checking account. On April 1, 1987, Rast paid Jenkins $2,438.00 ($3,250.00 minus $812.00 for attorney's fees) and advised him that the settlement proceeds had just been received.

## CONCLUSION

We find that Rast has violated D.R. 9-102 which requires a lawyer to maintain clients' funds in a separate and identifiable account, maintain complete records of all funds, promptly notify a client of the receipt of the funds and deliver the funds as requested. We note, however, that all funds were reimbursed to the clients. In addition, Rast has implemented an appropriate accounting system including the establishment of accounts in which his clients' funds may be maintained separately. Accordingly, William Yon Rast stands hereby publicly reprimanded by this Court for his acts of professional misconduct.