477 S.E.2d 706

**In the Matter of Edward A. FENNELL, Respondent.**

No. 24502.

Supreme Court of South Carolina.

Heard Sept. 18, 1996.

Decided Oct. 7, 1996.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

Edward A. Fennell, Dublin, OH, pro se.

PER CURIAM:

In this attorney grievance matter, respondent filed neither an answer nor any evidence in mitigation. Under the Rule on Disciplinary Procedure, respondent is in default and is deemed to have admitted all allegations in the three complaints served upon him.[1] Para. 13 C, Rule 413, SCACR. As a result of respondent's default, no panel hearing was held on these complaints. The Executive Committee voted 6–0 to recommend respondent be disbarred. We agree with this recommendation, and order respondent disbarred. This disbarment is retroactive to the date of respondent's temporary suspension from the practice of law, February 23, 1996. *See In the Matter of Fennell,* 321 S.C. 229, 467 S.E.2d 919 (1996).

The admitted allegations involved four different matters. The substance of the complaints are summarized below:

---

1. He did file an affidavit admitting the forgeries alleged in the Bostick matter.

## Bostick Matter

Respondent and Attorney J [2] represented Bostick in a matter which was settled with Bostick receiving $175,000. Respondent forged Bostick's name on the release, had an individual "witness" Bostick's signature, and then forged a notary's signature. Respondent disbursed two-thirds of the settlement proceeds to Bostick, who returned the check to Attorney J. Bostick claimed the contingent fee agreement with respondent was for one-fourth rather than one-third of the recovery. There is no written fee agreement as required by Rule 1.5(c), Rule 407, SCACR. Further, while Attorney J placed the returned check and the disputed portion of the fee he received in an escrow account, respondent has not disgorged his part of the disputed fee.

## Phillips Matter

Respondent received a social security settlement check on behalf of Client Phillips for $5,972.13 in December 1995. Prior to this date, respondent had been associated with another attorney, and had been a signatory on a trust account maintained by that attorney. In December 1995, respondent reopened that account, and deposited $2,972.13 of Phillips' settlement into it. Respondent kept $1,200, and gave Phillips $1,800 in cash. Respondent refused to disburse the remaining funds to Phillips, but after this investigation began he tendered to Phillips a check for $3,000, drawn on respondent's wife's account. This check was refused for insufficient funds. Meanwhile, investigation revealed the reopened trust account had been closed, leaving a negative balance of ($145.00). Phillips has not been reimbursed.

## Dr. Dhar Matter

Respondent agreed to protect Dr. Dhar's fees in eleven different matters. Dr. Dhar has not received payment on any of these accounts.

---

2. Respondent associated Attorney J to assist him in the Bostick matter. Attorney J is not accused of any unethical conduct in this case.

*Goodwin Matter*

In December 1994, respondent told Goodwin his case had been settled for $2,500. In April 1995, Goodwin was shown papers reflecting only a $1,500 settlement figure, which he none-the-less signed. Despite assurances that a check would be forthcoming, Goodwin has not yet received any money, nor has he been able to get his file and assorted documents back from respondent.

The complaints allege, and we find, that by his conduct in these matters, respondent has violated the terms of his oath of office,[3] as well as Rules 8.4(d), 1.5(c), and 1.15(a) of Rule 407, SCACR. Accordingly, we disbar respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Paragraph 30 of Rule 413, SCACR, and shall return his Certificate of Admission to the Clerk.

DISBARRED.