524 S.E.2d 619

**In the Matter of William Yon RAST, Jr., Respondent.**

No. 25027.

Supreme Court of South Carolina.

Heard Oct. 6, 1999.
Decided Dec. 6, 1999.

William Y. Rast, Jr. of West Columbia, pro se appellant.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney grievance matter, William J. Rast Jr., Esquire, ("Attorney") is charged with engaging in misconduct in violation of various provisions of the Rules of Professional Conduct contained in Rule 407, SCACR, and the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR.

### FACTUAL/PROCEDURAL BACKGROUND

On September 23, 1998, the Commission on Lawyer Conduct (the "Commission") served Attorney with a notice and complaint alleging: (1) Attorney failed to timely prepare a court order for a client representing a settlement agreement in a domestic case; (2) Attorney failed to take action on a client's personal injury claim before the statute of limitations ran; and (3) Attorney maintained only one bank account for all office matters, into which client monies may have been deposited. Attorney failed to respond to these formal charges and on November 5, 1998, the Office of the Attorney General filed an affidavit of default with the Commission.

On January 7, 1999, a Commission sub-panel held a hearing on the matter. The sub-panel concluded that Attorney defaulted on the formal charges and that in the hearing Attorney actually admitted the charges to the sub-panel. In addition to failing to respond to the formal charges, the sub-panel found that Attorney had failed to respond to six letters from the Commission and the Office of Disciplinary Counsel concerning the various charges. Based on the default, the sub-panel accepted the charges as true and found that Attorney:

(1) Failed to act with reasonable diligence and promptness in representing a client (Rule 1.3, Rules of Professional Conduct, Rule 407, SCACR);

(2) Failed to represent a client competently (Rule 1.1, Rules of Professional Conduct, Rule 407, SCACR);

(3) Engaged in conduct that tends to pollute the administration of justice, brings the legal profession into disrepute, and demonstrates an unfitness to practice law (Rule 7(5), Rules on Lawyer Disciplinary Enforcement, Rule 413, SCACR);

(4) Failed to properly cooperate with the investigations of the Board. *Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982);

(5) Failed to maintain clients' funds in a separate and identifiable account (Rule 1.15, Rules of Professional Conduct, Rule 407, SCACR).

In consideration of the current charges and Attorney's prior disciplinary record, the sub-panel recommended a temporary suspension of six-months and that Attorney be required to implement an appropriate accounting system.

On May 6, 1999, Attorney filed Exceptions to the sub-panel report. In his exceptions, Attorney pointed out that none of his clients filed or instituted this action. He further argued that it was his client's refusal to cooperate that led him to miss the statute of limitations. Attorney also claimed that his office's accounting system was not improper because it did not and does not maintain money belonging to clients. He also disagreed with the punishment of a six-month suspension. Despite the exceptions, the full panel adopted the sub-panel report and recommendation. Neither party filed briefs with this Court.

### SANCTION

Attorney's failure to answer the formal charges against him constitutes default and the Commission properly deemed the charges against Attorney as admitted. *See Matter of Fennell,* 324 S.C. 101, 477 S.E.2d 706 (1996). Since Attorney does not make any arguments to this Court, the only issue is the proper sanction for Attorney's neglect of his duties.

As this Court stated in *Matter of Moore,* 329 S.C. 294, 494 S.E.2d 804 (1997):

> The appropriate sanction for neglect of several client matters generally is a public reprimand provided the clients are not greatly prejudiced. *Matter of Alexander,* 301 S.C. 212, 391 S.E.2d 254 (1990); *Matter of Gates,* 295 S.C. 516, 369 S.E.2d 841 (1988). However, when the client is prejudiced and the attorney refused to cooperate with the Board's investigation, the sanction imposed has been as great as a one year suspension. *See Matter of Acker,* 308 S.C. 338, 417 S.E.2d 862 (1992) (six month suspension); *Matter of Palmer,* 298 S.C. 324, 380 S.E.2d 813 (1989) (one year suspension); *Matter of Ballard,* 312 S.C. 227, 439 S.E.2d 846 (1994) (one year suspension).

In the current case, Attorney's failure to comply with a statute of limitations may have prejudiced his client. We find that in the matter of the late court order, no clear prejudice to his client resulted. Furthermore, we find it significant that there is no allegation that Attorney's bank records reflect any injury to a client.

 Although the recommendations of the Commission are persuasive, the ultimate authority to discipline attorneys and the manner of discipline rests with this Court. *In re Dobson,* 310 S.C. 422, 427 S.E.2d 166 (1993). We are required after a thorough review of the record to administer the sanction we deem appropriate. *In re Kirven,* 267 S.C. 669, 230 S.E.2d 899 (1976). In light of the foregoing and Attorney's career as a public servant in the finest tradition of the law, we find that the appropriate sanction is a public reprimand.