524 S.E.2d 616

**In the Matter of Horace A. SMITH, Respondent.**

No. 25028.

Supreme Court of South Carolina.

Heard Oct. 20, 1999.

Decided Dec. 6, 1999.

---

Horace A. Smith, of Columbia, pro se respondent.

Attorney General Charles M. Condon and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney grievance matter, Horace A. Smith ("Attorney") is charged with engaging in misconduct in violation of various provisions of the Rules of Professional Conduct contained in Rule 407, SCACR, and the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR.

### FACTUAL/PROCEDURAL BACKGROUND

On April 1, 1996, the Commission on Lawyer Conduct (the "Commission") served Attorney with a notice and complaint alleging misconduct during the representation of a client, Ronald Quarles, on a shoplifting charge in municipal court. The charges alleged that during Quarles's trial Attorney argued with the court after the court had made rulings, made inappropriate gestures, interrupted the testimony of witnesses, and mumbled inappropriate comments despite warn-

ings not to do so. Attorney filed an answer denying the allegations in the complaint.

A hearing convened on June 12, 1996 to consider the allegations brought against Attorney. The Commission found that Attorney had committed misconduct and recommended an indefinite suspension from the practice of law until Attorney could show that he is mentally and physically capable of the practice of law. The Commission petitioned this Court to place Attorney on temporary suspension until Attorney's case concluded. At that time, Attorney petitioned this Court to be placed on disability inactive status based on his suffering from diabetes, pancreatitis, and depression. On January 22, 1997, this Court placed Attorney on disability inactive status.

In light of Attorney being placed on disability inactive status, the Interim Review Committee found the Commission's recommended sanction of indefinite suspension too harsh. On January 23, 1998, this Court remanded Attorney's case to the Commission so that more information could be obtained concerning Attorney's current medical condition and to consider the proposed sanctions in light of Attorney's previous suspension ten years earlier. *See In re Smith,* 296 S.C. 86, 370 S.E.2d 876 (1988).

On May 13, 1998, the Commission filed and sent Attorney a second notice of formal charges. These charges alleged Attorney engaged in misconduct while representing inmate Michael Ray McCreight as the court-appointed attorney for McCreight's PCR application. The notice alleged that Attorney never visited McCreight to discuss his case, he failed to respond to McCreight's letters, and he did not file any papers on McCreight's behalf. After McCreight filed his complaint with the Commission, an investigator scheduled an interview that Attorney failed to attend.

On July 22, 1998, a sub-panel convened to discuss both the Quarles and McCreight matters. This first hearing was adjourned so that Attorney could undergo a psychological evaluation. The sub-panel reconvened on September 16, 1998, and heard testimony from Dr. Robert Deysach, Ph.D., a clinical psychologist; Dr. Harold Morgan, a board certified psychiatrist; Dr. Henry Martin, a general practitioner; Attorney's niece Tiffany Jennings; and Attorney.

As to the Quarles matter, the medical experts testified extensively about Attorney's medical condition and the effects his diabetes, pancreatitis, and depression may have had on his behavior. Also, Attorney admitted all of the allegations made against him in the McCreight matter. After the hearing, the Commission made the following conclusions:

1. In the Quarles matter, the Commission recommended the Court suspend Attorney for one year and require Attorney to: (1) complete a course with Law Office Management Assistance Program (LOMAP); (2) file with the Clerk medical statements showing his ability to practice law; and (3) enter into some type of supervisory relationship with another attorney for two years;

2. In the McCreight matter, the Commission determined that Attorney violated the Rules of Professional Conduct and the former Rule on Disciplinary Procedure, including that he:

   a. Failed to act with reasonable diligence in representing a client [Rule 1.3];

   b. Failed to keep a client reasonably informed about the status of the matter and comply promptly with reasonable requests for information [Rule 1.4(a)];

   c. Engaged in conduct demonstrating a lack of professional competence in the practice of law [Rule 1.1 and former Rule 413, § 5(E)];

   d. Engaged in conduct that is prejudicial to the administration of justice [Rule 8.4(e)];

   e. Engaged in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute and engaged in conduct demonstrating unfitness to practice law [former Rule 413, § 5(D)].

3. As punishment in the McCreight matter, the Commission recommended a one-year suspension.

Under the Commission's recommendation, Attorney would receive a two-year suspension made retroactive to January 22, 1997. Attorney would also have to comply with the suggested restrictions on his practice.

## SANCTION

Since Attorney does not make any legal arguments to this Court, the only issue is the proper sanction for Attorney's disrespectful action in the Quarles matter and the neglect of his duties in the McCreight matter.

### I. QUARLES MATTER

■ The Commission recommends a suspension of one-year for Attorney's misbehavior in front of the municipal court. We disagree.

■ While the Commission's findings are entitled to great weight, this Court has the ultimate authority to discipline attorneys. *Matter of Hall,* 333 S.C. 247, 509 S.E.2d 266 (1998). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Matter of Kirven,* 267 S.C. 669, 230 S.E.2d 899 (1976). In determining the appropriate punishment, this Court has looked to the punishment given to other attorneys for similar behavior. *See Matter of Fox,* 327 S.C. 293, 490 S.E.2d 265 (1997).

A one-year suspension from the practice of law goes much farther than any punishment we have previously given to an attorney for such misbehavior in a judicial proceeding. In cases where attorneys have behaved much worse than Attorney, a public reprimand has been the strongest punishment given as discipline. *See Matter of Goude,* 296 S.C. 510, 374 S.E.2d 496 (1988) (issuing a public reprimand for public outburst and shouting following a trial). Even where the attorney's disruptive behavior has been the abuse of a third party in a deposition, the punishment has been no more severe than a public reprimand. *See Matter of Golden,* 329 S.C. 335, 496 S.E.2d 619 (1998). Even with Attorney's prior disciplinary problems, we conclude a public reprimand is the appropriate sanction in this matter. We find the other recommendations are reasonable in light of Attorney's medical condition.

### II. THE McCREIGHT MATTER

■ The Commission recommends that Attorney receive a one-year suspension as punishment for his neglect of a client's case. We agree.

As this Court stated in *Matter of Moore,* 329 S.C. 294, 494 S.E.2d 804 (1997):

The appropriate sanction for neglect of several client matters generally is a public reprimand provided the clients are not greatly prejudiced. *Matter of Alexander,* 301 S.C. 212, 391 S.E.2d 254 (1990); *Matter of Gates,* 295 S.C. 516, 369 S.E.2d 841 (1988). However, when the client is prejudiced and the attorney refused to cooperate with the Board's investigation, the sanction imposed has been as great as a one year suspension. *See Matter of Acker,* 308 S.C. 338, 417 S.E.2d 862 (1992) (six month suspension); *Matter of Palmer,* 298 S.C. 324, 380 S.E.2d 813 (1989) (one year suspension); *Matter of Ballard,* 312 S.C. 227, 439 S.E.2d 846 (1994) (one year suspension).

In this matter, Attorney's behavior prejudiced McCreight's interests. Furthermore, Attorney failed to make a scheduled meeting with an investigator in the matter, claiming he overslept and had no transportation. In light of Attorney's previous disciplinary record, a one-year suspension from the practice of law is reasonable.

### CONCLUSION

We agree with the Commission's recommendation that Attorney's suspension be made retroactive to the date he was placed on disability inactive status. Furthermore, we agree with the restrictions recommended by the Commission and direct that Attorney file with the Clerk medical statements showing his ability to practice law and enter into some type of supervisory relationship with another attorney for two years. As for the Commission's recommendation that Attorney complete a LOMAP course, this program is no longer offered. In its place, we direct that Attorney complete a similar program to be fashioned by the South Carolina Bar and Disciplinary Counsel.

Since Attorney is still on disability inactive status, he must petition the Court to have his status changed before the Committee on Character and Fitness can consider an application for reinstatement. If Attorney files such a petition within 30 days of this opinion, then the Court will direct that Attorney's petition for removal from disability inactive status and his application for reinstatement be considered together.