597 S.E.2d 800

**In the Matter of Lyndon B. JONES, Respondent.**

No. 25834.

Supreme Court of South Carolina.

Heard May 13, 2004.
Decided June 7, 2004.

Henry B. Richardson, Jr., Susan M. Johnston, and Michael S. Pauley, all of Columbia, for the Office of Disciplinary Counsel.

Lyndon B. Jones, pro se, of Brooklyn, NY.

PER CURIAM:

This attorney disciplinary matter consolidates three matters. After a hearing, at which Respondent did not appear, the full panel recommended Respondent be disbarred. We instead suspend the Respondent from the practice of law in this State for one year.

## PROCEDURAL HISTORY

Respondent was placed on interim suspension on January 16, 2002, and formal charges were filed in these matters on July 22, 2002. Respondent did not file an Answer and was held in default by the subpanel of the Commission on Lawyer Conduct. Pursuant to the Default Order, the factual allegations in the Formal Charges are deemed admitted by Respondent. Rule 24, of the Rules of Lawyer Disciplinary Enforcement (RLDE), Rule 413, SCACR.

## FACTS

The subpanel found Respondent was properly served with both the Notice of Hearing and the Order of Default. The subpanel found the following matters constituted misconduct and warrant disciplinary action:

### A. *The Allen Matter*

Respondent represented Complainant at his criminal trial, where Complainant was convicted and sentenced to prison. Respondent filed a Notice of Appeal on Complainant's behalf with the Court of Appeals. A lawyer from the South Carolina Office of Appellate Defense (Appellate Defense) attempted to contact Respondent by telephone regarding Respondent's status as Complainant's attorney. Respondent did not return the call. Appellate Defense sent Respondent a letter asking Respondent if he were retained or court-appointed and offering to take over the appeal upon Respondent's request if Respondent were court-appointed. Respondent failed to respond to the letter. Once again, a representative from Appellate Defense called Respondent, but Respondent failed to return the phone call.

Respondent failed to perfect Complainant's appeal and failed to communicate with Complainant regarding the status of the appeal. Respondent also failed to respond to inquiries, letters, and telephone calls from Complainant and his family members. Complainant's appeal was dismissed.

### B. *The Brown Matter*

Complainant retained Respondent for a fee of $500 to obtain a divorce for her on the grounds of spousal abuse. Respondent instructed Complainant to pay half of her legal fee prior to the filing of pleadings and to pay the balance on the day of the hearing. Complainant paid Respondent $300 toward the full fee.

Respondent took no action on behalf of Complainant. Respondent represented to Complainant that he had filed the appropriate pleadings. However, he did not provide Complainant with copies, and Complainant verified with the Family Court that nothing had been filed on her behalf, other than a restraining order against Complainant's husband.

Respondent did not respond to Complainant's phone calls made to the law firm where he was previously employed. When Complainant learned that Respondent was no longer employed with the firm, she tried contacting him at his home and through an answering service. He did not respond.

C. *Cooperation with Disciplinary Authority's Investigation*

Respondent failed to update or notify the South Carolina Bar of Respondent's change in address and employment. The Attorney to Assist Disciplinary Counsel wrote Respondent two letters asking Respondent to cooperate in the preliminary investigation and to respond to lawful requests for information. The Attorney to Assist also called Respondent numerous times. Respondent did not respond to any of the inquiries or otherwise cooperate with the investigation.

Respondent was required to appear before Disciplinary Counsel pursuant to Rule 19(c)(4), RLDE. Respondent had informed the South Carolina State Bar, when he was admitted, that he was also admitted to the New York State Bar. At Respondent's appearance, Respondent represented under oath that he was not a licensed member of the New York State Bar. At the time, Respondent was admitted and registered as an attorney in good standing with the New York State Bar. Respondent's representations under oath were deliberately misleading and/or were conscious misrepresentations of the facts.

Respondent was advised during his appearance before Disciplinary Counsel that the appearance was continued pending Respondent's compliance with the subpoena. The subpoena required Respondent to provide complete trust records for all trust and escrow accounts utilized in Respondent's practice of law from 1999 until the present. Respondent failed to provide records for the years of 2000 and 2001. The Office of Disciplinary Counsel and agents of SLED attempted, unsuccessfully, to contact Respondent numerous times.

## FINDINGS

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3

(Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); Rule 3.2 (Expedite Litigation); Rule 3.3 (Candor Toward a Tribunal); Rule 3.4 (Fairness to Opposing Party and Counsel); Rule 4.1 (Truthfulness in Statements to Others); Rule 8.1 (Cooperation with Disciplinary Authority); Rule 8.4(a) (Violate Rules of Professional Conduct): Rule 8.4(d) (Conduct Involving Dishonesty); and Rule 8.4(e) (Conduct Prejudicial to the Administration of Justice). Respondent also violated Rules 7(a)(1), (3), (5), (6), and (7) of RLDE, Rule 413, SCACR, as well as Rule 402(g), SCACR. The rule violations are deemed admitted by virtue of Respondent's default to the Formal Charges. Rule 24, RLDE, *supra*.

The only issue before the subpanel was an appropriate sanction. The subpanel recommended that Respondent be disbarred. The full panel accepted the subpanel's recommendation as its own. The recommendation and its acceptance appear, understandably, to have been significantly influenced by Respondent's default. Respondent appeared in mitigation at oral argument and expressed contrition.

## CONCLUSION

The authority to discipline attorneys and the manner in which discipline is given rests entirely with the Supreme Court. *In re Long*, 346 S.C. 110, 551 S.E.2d 586 (2001). The Court may make its own findings of fact and conclusions of law and is not bound by the full panel's recommendation. *In re Larkin*, 336 S.C. 366, 520 S.E.2d 804 (1999). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

While Respondent's delicts were serious, we find that disbarment is not the appropriate sanction. Respondent is suspended from the practice of law in this State for one year. Respondent must pay, within 90 days, the costs in this matter totaling $655.30, as well as reimburse Ms. Brown $300 for the retainer paid by her. In order to be reinstated, Respondent must comply with the requirements of Rule 33(f), RLDE of Rule 413, SCACR, and may petition at the earliest not sooner than 270 days prior to the expiration of the period of suspension.

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE of Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.