600 S.E.2d 534

**In the Matter of William Yon RAST, Jr., Respondent.**

**No. 25845.**

Supreme Court of South Carolina.

Heard May 25, 2004.

Decided July 26, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

William Yon Rast, Jr., of West Columbia, pro se.

PER CURIAM.

This attorney disciplinary matter involves Respondent's failure to draft an order and his failure to respond to Disciplinary Counsel. We agree with the subpanel's recommendation and issue a public reprimand.

## PROCEDURAL HISTORY

Respondent was served with Formal Charges on September 20, 2002. Respondent filed an Answer on October 21, 2002.

A hearing was held before the subpanel on August 6, 2003. No exceptions were filed and the full panel adopted the report of the subpanel on January 21, 2004. The subpanel made the following findings and recommendations:

## I. *Failure to Timely Prepare a Family Court Order*

Respondent represented the complainant's husband in a divorce action. The judge instructed complainant's attorney to prepare a proposed order regarding distribution of the marital property. The order was filed and Respondent successfully appealed. A second hearing was held in June 2001, and complainant's attorney drafted a second proposed order. The judge signed the order and returned it to complainant's attorney, who failed to file the order in Lexington County.[1]

When complainant did not receive a copy of the order, she attempted to contact her attorney.[2] Unable to reach her attorney, complainant contacted the Clerk of Court, who informed her that no order had been filed. Complainant then contacted the presiding judge and spoke to the judge's secretary, Doe, who informed complainant that the order had been signed and returned to complainant's attorney. Doe tried unsuccessfully to reach complainant's attorney to clear up the problem.

Doe testified that, after consulting with the judge, she contacted Respondent's office to obtain a copy of the order. Respondent's secretary informed Doe that Respondent did not have a copy of the order. Doe again consulted with the judge, who instructed her to telephone Respondent and have him prepare another order. Respondent failed to submit a proposed order, and Doe telephoned Respondent's secretary again regarding the order. Respondent did not prepare an order.

Eventually, in November 2001, the judge prepared and filed an order of distribution. The judge's order stated, "The Court has diligently tried to contact counsel for both parties to

---

1. Because the presiding judge was visiting from Aiken and had returned to Aiken at the time he signed the order, it appears he instructed complainant's attorney to file the order.

2. The complainant's attorney was seriously ill and has since died.

correct this situation but both attorneys have repeatedly failed to return telephone calls or contact the Court in any way."

Respondent, appearing *pro se,* admitted at oral argument that Doe may have contacted his secretary regarding the order. However, Respondent stated that he had no recollection of the telephone calls. Respondent stated he was not aware he had been instructed to prepare an order and did not learn that the judge had prepared an order until after Respondent prepared his own order.[3]

The subpanel found there was clear and convincing evidence that Doe placed the phone calls to Respondent's office with instructions to prepare the order. The subpanel found that, even if Respondent did not actually receive word that he was to draft the order, Respondent was responsible for seeing that messages left with his secretary were relayed to him in a timely and accurate manner.

The subpanel found that Respondent's lack of diligence violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 3.2 (Expediting Litigation); Rule 8.4(a) (Misconduct—Violation of the Rules of Professional Conduct); and Rule 8.4(e) (Misconduct—Prejudice to the Administration of Justice).[4]

## II. *Failure to Respond to Disciplinary Counsel*

The parties stipulated that Respondent was notified of the complaint by letter from Disciplinary Counsel dated November 1, 2001. The letter requested a response within fifteen days. On December 5, 2001, after Respondent failed to respond, Disciplinary Counsel sent Respondent a letter pursuant to *In the Matter of Treacy,* 277 S.C. 514, 290 S.E.2d 240 (1982). Disciplinary Counsel received no response from Respondent until January 29, 2002, after the full investigation

---

3. Respondent's proposed order is included as an exhibit and is dated March 2002. There is nothing in the record to show why Respondent prepared his own order.

4. Disciplinary Counsel also alleged that Respondent violated Rule 3.4 (Fairness to Opposing Party and Counsel). However, the subpanel ruled that while Respondent did fail to prepare an order pursuant to the judge's instructions, Respondent's failure was not a willful disregard of his obligation.

was authorized. Respondent has fully cooperated following issuance of the Notice of Full Investigation.

Respondent explained at the hearing that he drafted a timely response to the grievance, but that his secretary did not transcribe or mail it in time. The subpanel again found that the responsibility for errors or delays caused by Respondent's secretary fell on Respondent, and that it was incumbent upon Respondent to see that his response was delivered within the time period requested by Disciplinary Counsel.

The subpanel found that Respondent's failure to respond to the initial letter of complaint and to the *Treacy* letter violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 8.1(b) (Bar Admissions and Disciplinary Matters); and Rule 8.4(e) (Misconduct—Prejudice to the Administration of Justice).

## II. *Mitigating and Aggravating Circumstances*

The subpanel noted the circumstances which put Respondent in the midst of disciplinary proceedings were initially caused by the delay and inaction of complainant's attorney. The subpanel noted that Respondent's failure to draft the order was minor, which would ordinarily only warrant a caution. However, the subpanel also noted that Respondent had a significant disciplinary history, which included a Private Reprimand in 1977, a Public Reprimand in 1990,[5] and a second Public Reprimand in 1999.[6] The subpanel found that Respondent's minor misconduct was exacerbated by his failure to timely respond to Disciplinary Counsel's inquiry. The subpanel considered Respondent's cooperation following the notice of full investigation, but also noted that Respondent failed to submit a proposed Panel Report as the subpanel requested.

The subpanel recommended that Respondent receive a Public Reprimand and that he be ordered to pay the costs[7] of the proceeding.

---

5. *In the Matter of Rast,* 300 S.C. 423, 388 S.E.2d 776 (1990).

6. *In the Matter of Rast,* 337 S.C. 588, 524 S.E.2d 619 (1999).

7. The total costs of the proceedings were $433.64.

## CONCLUSION

 The authority to discipline attorneys and the manner in which discipline is given rests entirely with the Supreme Court. *In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001). The Court may make its own findings of fact and conclusions of law, and is not bound by the panel's recommendation. *In re Larkin,* 336 S.C. 366, 520 S.E.2d 804 (1999). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

After a thorough review of the record, we agree with the subpanel's recommendation that Respondent receive a public reprimand. The facts indicate that Respondent's actions regarding the failure to prepare a proposed order were initially caused by circumstances beyond his control, namely that the opposing attorney became ill and failed to file the order. Respondent's failure to file the order would ordinarily not rise to the level of a public reprimand. However, Respondent initially failed to respond to Disciplinary Counsel's inquiry, and he has failed to respond to or comply with Disciplinary Counsel in the past. Accordingly, we issue Respondent a Public Reprimand. Within thirty (30) days of the date of this opinion, Respondent must pay the costs associated with this proceeding. ($433.64).

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.