675 S.E.2d 721

**In the Matter of Charles E. HOUSTON, Jr., Respondent.**

**No. 26626.**

Supreme Court of South Carolina.

Heard March 3, 2009.
Decided April 6, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Gordon H. Garrett, of Charleston, for respondent.

PER CURIAM.

This is an attorney discipline case involving admitted misconduct in the administration of trust accounts. The Commission on Lawyer Conduct Panel (Panel) recommended that Charles E. Houston, Junior (Respondent): (1) receive a Public Reprimand; (2) be required to retain the services of a Certified Public Accountant to oversee the management of his trust account; (3) be required to attend a minimum of four hours of

Continuing Legal Education (CLE) seminars; and (4) be ordered to pay the costs of the proceedings. The Office of Disciplinary Counsel (ODC) challenges the Panel's recommendation and urges a harsher sanction. Finding no reason to deviate from the Panel's recommendation, we impose the recommended sanctions.

## FACTS

Acting on an anonymous phone call, ODC conducted an investigation into Respondent's administration of his trust account. Before formal charges were filed, Respondent and ODC entered into a Stipulation and Affidavit As To Facts, in which Respondent admitted misconduct. In the Affidavit, Respondent admitted non-compliance with the South Carolina Rules of Professional Conduct (RPC) regarding recordkeeping and use of a trust account, including:

1. *Unidentified Deposits*—"Respondent stated that he routinely made deposits using counter deposit tickets provided by the bank; however, Respondent failed to identify the deposits with a file name, number, or case caption, and failed to maintain a copy of the deposit ticket for his records. Respondent stated that he relied on his memory to recall whose funds were in his trust account at any given time."

2. *Unidentified Withdrawals*—"This review also revealed numerous 'counter withdrawals' using counter checks provided by the bank. Respondent failed to identify the purpose of the withdrawals with a file name, number, or case caption."

3. *Lack of Recordkeeping*—"Respondent admitted that he failed to maintain a register, log, or document to reflect an accurate accounting of accumulated attorney's fees held in, or disbursed from the trust account."

The Affidavit also noted that after the investigation began, Respondent took certain corrective measures to ensure future compliance with the Rules of Conduct, including attending CLE seminars dealing with office management issues, installing new office management software, and retaining the services of a certified accountant.

Following a hearing, the Panel found that Respondent violated RPC Rules 1.15, safekeeping of property, and 8.4, violating the Rules of Professional Conduct, and Rule 417, SCACR, failure to maintain appropriate financial records.

## STANDARD OF REVIEW

■■■ The findings of the Panel are entitled to great weight. *In re Johnson,* 380 S.C. 76, 80, 668 S.E.2d 416, 418 (S.C.2008). However, this Court may make its own findings of fact and conclusions of law and is not bound by the Panel's recommendation. *In re Larkin,* 336 S.C. 366, 371, 520 S.E.2d 804, 806 (1999). This Court has the ultimate authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court. *In re Long,* 346 S.C. 110, 112, 551 S.E.2d 586, 587 (2001).

## DISCUSSION

■■■ "This Court has made it abundantly clear that an attorney is charged with a special responsibility in maintaining and preserving the integrity of trust funds." *Matter of Padgett,* 290 S.C. 209, 349 S.E.2d 338 (1986). Respondent's admitted failure to maintain adequate records is a serious matter. We note, however, that the misconduct is limited to record-keeping. No clients complained, no client funds were lost, Respondent's account was never overdrawn, and ODC does not claim that Respondent misappropriated funds. Moreover, as noted by the Panel, Respondent has already taken corrective measures to ensure future compliance with the rules regarding trust accounts.

Considering all of the circumstances as well as Respondent's disciplinary history, we agree with the Panel that a public reprimand is appropriate. We therefore publicly reprimand Respondent for his misconduct and additionally require that Respondent (1) retain the services of a Certified Public Accountant to oversee the management of his trust account; (2) attend a minimum of four hours of CLEs; and (3) pay the costs of the proceedings.[1]

**PUBLIC REPRIMAND.**

TOAL, C.J., WALLER, BEATTY, KITTREDGE, JJ., and Acting Justice JAMES E. MOORE, concur.

■■■■■■■■■

---

1. ODC argues that Respondent violated Rule 3.1 of the Rules of Professional Conduct by arguing in his Motion to Dismiss and at the hearing that ODC engaged in racial profiling. While we agree with the Panel that Respondent's claim was meritless, we decline to find a violation of Rule 3.1.