# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Charles E. Houston, Respondent.

Appellate Case No. 2015-001938

Opinion No. 27616
Heard January 14, 2016 – Filed March 30, 2016

## DEFINITE SUSPENSION

Disciplinary Counsel Lesley M. Coggiola and Assistant Disciplinary Counsel Ericka M. Williams, both of Columbia, for Office of Disciplinary Counsel.

John E. Parker, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Hampton, for Respondent.

**PER CURIAM:** Respondent Charles E. Houston, Jr. failed to perfect an appeal for a client and, in two separate matters, neglected to pay a videographer and court reporting service. Additionally he failed to cooperate with the disciplinary investigations into the ensuing complaints. We suspend Respondent for nine months, order him to pay the costs of the proceeding, and require him to complete the Legal Ethics and Practice Program Ethics School and Law Office Management School as a condition of reinstatement.

## PROCEDURAL/FACTUAL BACKGROUND

Formal charges were filed against Respondent by Office of Disciplinary Counsel (ODC) on September 17, 2012. Respondent filed an answer on January 4, 2013. ODC and Respondent stipulated to the facts, which were adopted by the panel and are as follows:

## Matter A

Respondent was hired to take over a pending appeal for a client. Accordingly, Respondent filed an amended notice of appeal and notified the court of appeals of his representation of the client. The deadline to file the initial brief and designation of matter passed and the court of appeals dismissed the matter. Respondent subsequently filed a motion to reinstate the appeal on the basis that he had difficulty obtaining the transcript. The court of appeals granted Respondent's motion and reinstated the appeal, noting that it would be necessary for Respondent to provide the court with a copy of the letter ordering the transcript within ten days.

Respondent missed the deadline to file the initial brief and designation of matter and the court of appeals advised him that the initial brief and designation of matter must be served and filed within thirty days because the transcript had been received. Respondent again failed to comply and the court of appeals dismissed the appeal. Respondent subsequently filed a motion to reinstate the appeal, which the court of appeals granted upon the condition that the initial brief and designation of matter be filed within thirty days. The court indicated that no further extension would be granted absent extraordinary circumstances.

One month after the deadline passed, Respondent filed a motion for extension of time and proceeded to file the initial brief and designation of matter three weeks later. The court of appeals dismissed the appeal for failing to timely file, denied Respondent's petition for reinstatement, and issued the remittitur.

## Matter B

Respondent acquired the services of a videographer for a deposition. Following the deposition, Respondent received the video deposition and an invoice. After failing to receive payment for almost two years, the videographer emailed Respondent about the outstanding payment. Two months later, Respondent sent a check for the payment of the deposition and an additional $100.00 for the delay in payment and inconvenience.

## Matter C

Respondent used the services of a court reporting service for two depositions. He was invoiced for both depositions at the time the transcripts were delivered. Several months later, the court reporting service requested payment of

the depositions and asked to be paid within the week. The next month, the court reporting service sent a certified letter requesting payment for both depositions. In response to the certified letter, Respondent made a partial payment towards the outstanding balance. One month later, the court reporting service sent a letter seeking the remainder of Respondent's balance. Eight months passed with no response and the court reporting service sent an email seeking payment. Respondent later issued a check for the payment of the outstanding invoice.

## Cooperation with Disciplinary Authority's Investigation

Respondent failed to promptly respond to ODC regarding these disciplinary matters. As to Matter A, ODC sent a copy of the client's complaint and requested a response within thirty days by certified mail, which he failed to do. ODC subsequently issued a notice to appear and a subpoena requesting Respondent to bring his file in the client's case. Respondent failed to appear or produce his records. Instead, Respondent faxed a letter to ODC stating the client had previously filed a complaint and it had been dismissed by ODC. Three months later, ODC requested Respondent submit a written response to the complaint filed by the client. Respondent failed to timely respond and thereafter requested additional time to respond. The extension expired without a response from Respondent, although he eventually provided a written response to ODC.

As to Matters B and C, ODC sent a notice of investigation to Respondent, requesting a response within fifteen days. He did not respond. ODC subsequently sent Respondent a certified letter reminding him of his obligation to respond to the notice of investigation. Respondent did not file a response. As a result, ODC issued a notice to appear. On the day of the scheduled appearance, Respondent submitted his response to the notice of investigation. The appearance was rescheduled for the next day, which was then continued at Respondent's request.

## LAW/ANALYSIS

This Court reserves the sole authority to discipline attorneys and determine appropriate sanctions. *In re Thompson*, 343 S.C. 1, 10, 539 S.E.2d 396, 401 (2000). Although the Court may draw its own conclusions and make its own findings of fact, the unanimous findings and conclusions of the panel are entitled to significant respect and consideration. *Id.* at 11, 539 S.E.2d at 401.

We find, based on the foregoing facts, that Respondent has violated Rules 1.1 (competence), 1.3 (diligence) and 8.4(e) (conduct prejudicial to the

administration of justice) of the Rules of Professional Conduct (RPC), Rule 407, SCACR.

The panel recommended a definite suspension for nine months, the payment of costs, and completion of the Legal Ethics and Practice Program Ethics School and the Law Office Management School as a condition of reinstatement. We have found a definite suspension for nine months is an appropriate sanction in similar cases. *In re Smith*, 296 S.C. 86, 89, 370 S.E.2d 876, 878 (1988) (imposing a definite suspension of six months for an attorney who failed to perfect an appeal and failed to pay a court reporter); *See In re Conway,* 374 S.C. 75, 79, 647 S.E.2d 235, 237 (2007) (disciplining an attorney for a definite suspension of nine months where the attorney failed to pay a court reporter, failed to safeguard client files, and failed to respond to charges); *In re Jones,* 359 S.C. 156, 160, 597 S.E.2d 800, 803 (2004) (imposing a one-year suspension for the attorney's misconduct in failing to perfect a criminal defendant's direct appeal, failing to cooperate in disciplinary proceedings, as well as other misconduct). We also take into consideration Respondent's extensive prior disciplinary history involving a myriad of matters including Respondent's failure to pay a third party and his lack of compliance with civil orders from this Court.[1] *In re Braghirol*, 383 S.C. 379, 387, 680 S.E.2d 284, 288 (2009) (noting the attorney's pattern of prior disciplinary history in imposing a definite suspension for nine months). We therefore find the panel's recommendation is appropriate.

---

[1] *See In re Houston*, S.C.Sup.Ct. Order dated December 7, 2012 (finding Respondent in civil contempt for failing to enroll in the Legal Ethics and Practice Program Trust Account School, along with failing to submit statements from his CPA to the Commission as required by prior orders); *In re Houston*, 382 S.C. 164, 167–68, 675 S.E.2d 721, 723 (2009) (publicly reprimanding Respondent for non-compliance with RPC regarding recordkeeping and trust accounts); *In re*, 314 S.C. 94, 98, 442 S.E.2d 175, 177 (1994) (disbarring Respondent for a "wide range of ethical violations" including improper fee splitting, lending money to a client without full disclosure, failing to pay an expert witness in several cases, and trust account matters); *In re Houston*, 271 S.C. 259, 259–60, 247 S.E.2d 315, 315 (1978) (publicly reprimanding Respondent for failing to promptly pay a client a settlement check received on the client's behalf).

## CONCLUSION

We suspend Respondent for nine months and order that he pay the costs of the proceedings within thirty (30) days of the date of this opinion. We also order Respondent to complete the Legal Ethics and Practice Program Ethics School and Law Office Management School as a condition of discipline.

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, Rules for Lawyer Disciplinary Enforcement, of Rule 413, SCACR.

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur.**