[790 NYS2d 690]

In the Matter of LYNDON B. JONES (Admitted as LYNDON BRYANT JONES), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 28, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of the State of South Carolina dated June 7, 2004, the respondent was suspended from the practice of law in that state for a period of one year. The South Carolina disciplinary proceeding was a consolidation of three matters, and the South Carolina disciplinary panel had recommended the respondent's disbarment.

The respondent represented a complainant at a criminal trial. After the complainant was convicted and sentenced to prison, the respondent filed a notice of appeal. The South Carolina Office of Appellate Defense made three attempts to communicate with the respondent regarding his status as the complainant's attorney and offered to take over the appeal if the respondent was court-appointed. The respondent failed to prosecute the appeal and failed to communicate with the complainant or his family members regarding the status of his appeal. The complainant's appeal was dismissed.

Another complainant retained the respondent to obtain a divorce for her on the ground of spousal abuse. The respondent instructed the complainant to pay half of her legal fee prior to the filing of pleadings and the balance on the day of the hearing. The complainant paid $300 towards the fee. Although the respondent took no action on the complainant's behalf, he represented that he had filed the appropriate pleadings. The complainant verified with Family Court that nothing had been filed on her behalf besides a restraining order against her husband. The respondent failed to reply to any of the complainant's telephone calls to his prior firm, his home, or his answering service.

In addition, the respondent failed to update or notify the South Carolina bar of his change in address and employment. The respondent did not respond to letters or telephone inquiries or in any way cooperate with the investigation. The respondent misrepresented under oath that he was not a licensed member of the New York State bar. At the time, he was, in fact, an attorney in good standing in New York.

The respondent was subpoenaed to produce complete trust records for all trust and escrow accounts utilized in his law practice from 1999 until the present. He failed to provide records for the years 2000 and 2001. Disciplinary authorities unsuccessfully attempted to contact the respondent on numerous occasions.

The respondent appeared at oral argument and expressed contrition in mitigation.

The South Carolina Supreme Court found that although the respondent's derelictions were serious, disbarment was not an appropriate sanction. Instead, the court suspended the respondent from the practice of law for a period of one year, after an interim suspension of approximately two years, assessed costs of $655.30 against him, and directed him to reimburse the matrimonial client $300 for the retainer paid by her.

Although served with the petitioner's notice pursuant to 22 NYCRR 691.3, the respondent has failed to assert any of the enumerated defenses to the imposition of reciprocal discipline and has not demanded a hearing. Accordingly, the petitioner's motion for the imposition of reciprocal discipline is granted, and the respondent is suspended from the practice of law in New York for a period of one year based upon the disciplinary action in the State of South Carolina.

PRUDENTI, P.J., FLORIO, H. MILLER, RITTER and SANTUCCI, JJ., concur.

Ordered that the motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3 the respondent, Lyndon B. Jones, admitted as Lyndon Bryant Jones, is suspended from the practice of law for a period of one year, commencing March 28, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Lyndon B. Jones, admitted as Lyndon Bryant Jones, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lyndon B. Jones, admitted as Lyndon Bryant Jones, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).