[831 NYS2d 205]

In the Matter of LYNDON B. JONES, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, February 13, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Mark F. Dewan* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On or about June 23, 2004, the petitioner filed with the Court a notice pursuant to 22 NYCRR 691.3 seeking the imposition of reciprocal discipline upon the respondent based upon disciplinary action previously taken against him by the Supreme Court of South Carolina. By order of that court dated June 7, 2004 (*Matter of Jones*, 359 SC 156, 597 SE2d 800 [2004]), the respondent was suspended from the practice of law in South Carolina for a period of one year. The South Carolina proceeding was a consolidation of three matters involving failure to prosecute an appeal, failure to communicate with complainants, and failure to update or notify the South Carolina bar of his change of address and employment. A subpanel and a full panel of the South Carolina Commission on Lawyer Conduct (hereinafter the Commission on Lawyer Conduct) recommended that the respondent be disbarred.

The formal charges against the respondent emanate from his failures to perfect a criminal appeal and to answer inquiries regarding the status of that appeal, ultimately resulting in the dismissal of that appeal, his receipt of a fee in a matter without performing the services for which he was retained, and his failure to cooperate with or respond to disciplinary authority. While labeling the respondent's derelictions serious, the South Carolina Supreme Court disagreed with the recommendations of the subpanel and the full panel regarding disbarment and deemed a one-year suspension an appropriate sanction.

After being served with the petitioner's notice pursuant to 22 NYCRR 691.3 on or about June 22, 2004, the respondent filed his first verified statement, dated June 29, 2004, with the petitioner. In that statement, the respondent raised the defenses that there was an infirmity of proof underlying the South Carolina proceeding and that the imposition of reciprocal discipline would be unjust. However, he failed to communicate with the Court his intent to assert any of the enumerated defenses to the imposition of reciprocal discipline or to demand a hearing. Accordingly, this Court suspended the respondent for a period of one year based upon the record of the South Carolina proceeding.

Neither the petitioner nor the respondent had any further communication with the Court with respect to this matter until March 4, 2005, after the petitioner's receipt of the opinion and order suspending the respondent. The respondent informed Grievance Counsel that he still intended to demand a hearing and that he would resubmit his verified statement setting forth his defenses to the imposition of reciprocal discipline directly to the Court.

In his second verified statement dated March 24, 2005, the respondent asserted the defenses that the South Carolina procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process and that even though he was served with formal charges and did not submit an answer, he was never given notice of hearings before the subpanel and full panel of the Commission on Lawyer Conduct and was thereby prejudiced by not having the opportunity to submit evidence pertaining to the underlying complaints.

Accordingly, this Court recalled and vacated its prior opinion and order dated February 28, 2005 (15 AD3d 119 [2005]), held the petitioner's motion in abeyance pending a hearing, and directed that a hearing be conducted before the Honorable George Friedman, as Special Referee, to hear and report "with respect to the findings of the South Carolina jurisdiction" and the respondent's defenses to the imposition of discipline.

Pursuant to that order, a hearing was conducted on September 30, 2005, at which the respondent appeared pro se. At the outset of the hearing, the respondent noted that he was abandoning his first verified statement and proceeding solely on the basis of the defense raised in his later verified statement, dated March 24, 2005, that he was not afforded notice of the hearings before the South Carolina subpanel and full panel of the Commission on Lawyer Conduct.

The Special Referee found that the respondent had not received any notice of the hearing which was held on April 10, 2003, before the subpanel of the Commission on Lawyer Conduct. He concluded that such failure of notice constituted a deprivation of due process rights to which the respondent was entitled.

The petitioner moves to disaffirm the report of the Special Referee, to reject the defenses to the imposition of reciprocal discipline propounded by the respondent, and to impose such reciprocal discipline upon the respondent as the Court deems appropriate.

The respondent served Grievance Counsel with a two-page answer asking the Court to sustain the Special Referee's findings and not impose any reciprocal discipline. As he did with his first verified statement in response to the petitioner's notice pursuant to 22 NYCRR 691.3, the respondent failed to serve the Court with his answer to the petitioner's motion.

In essence, the Special Referee is questioning the sufficiency of the evidence before the South Carolina authorities. The petitioner maintains, however, that the subpanel's finding that the respondent was properly served must be accepted as fact. The subpanel specifically found, on the evidence before it, that the respondent was properly served with both the notice of hearing and the earlier order of default. As a result, the respondent had ample notice to appear and to present evidence in mitigation which would be relevant to the issue of sanctions. According to the subpanel's report, the respondent's failure to appear before it was consistent with his earlier failure to file an answer to the formal charges and his failure to cooperate with the investigation. The Supreme Court of South Carolina confirmed the subpanel's determination, as accepted by the full panel, but rejected its recommendation of disbarment.

Under the totality of circumstances, the petitioner's motion to disaffirm the Special Referee's report is granted, the respondent's defenses to the imposition of reciprocal discipline are rejected, and the respondent is suspended for a period of one year based upon the discipline imposed by the South Carolina authorities.

PRUDENTI, P.J., MILLER, SCHMIDT, RITTER and FLORIO, JJ., concur.

Ordered that the petitioner's motion to disaffirm the report of the Special Referee and to reject the respondent's defenses to

the imposition of reciprocal discipline is granted; and it is further,

Ordered that the petitioner's motion to impose reciprocal discipline upon the respondent is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Lyndon B. Jones, is suspended from the practice of law for a period of one year, commencing March 15, 2007, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one-year period upon furnishing satisfactory proof (a) that during the one-year period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c); and (d) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Lyndon B. Jones, shall desist and refrain from (1) practicing law in any form, either as principal, agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Lyndon B. Jones, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).